1  STEVEN G. TIDRICK, SBN 224760
   THE TIDRICK LAW FIRM
2  2039 Shattuck Avenue, Suite 308
   Berkeley, California 94704
3  Telephone: (510) 788-5100
   Facsimile: (510) 291-3226
4  E-mail:    sgt@tidricklaw.com

5  Attorneys for Individual and Representative
   Plaintiff DARRYL A. STITT

6

*FILED*

*JUL 16 2012*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

7            IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  DARRYL A. STITT, on behalf of himself and      Civil Case Number **C12-03704**
   all others similarly situated,
10                                                 **COMPLAINT FOR VIOLATIONS OF:**
11             Plaintiffs,                         **(1) FAIR LABOR STANDARDS ACT;**
                                                   **(2) CALIFORNIA LABOR CODE; and**
12       v.                                        **(3) CALIFORNIA INDUSTRIAL**
                                                   **WELFARE COMMISSION WAGE**
13  THE SAN FRANCISCO MUNICIPAL                    **ORDERS**
    TRANSPORTATION AGENCY,
14                                                 **DEMAND FOR JURY TRIAL**
               Defendant.
15                                                 FLSA Wages and Overtime
                                                   29 U.S.C. §§ 106, 207, 216(b)
16

17

18

19         Plaintiff Darryl A. Stitt, on behalf of himself and all others similarly situated, and all

20  others who consent to become party plaintiffs, alleges as follows:

21                              **NATURE OF THE CASE**

22         1.     Plaintiff Darryl A. Stitt was formerly employed as a bus or train operator by

23  Defendant The San Francisco Municipal Transportation Agency (hereinafter "Defendant")

24  and seeks to represent other current and former employees in this collective and class action

25  against Defendant alleging that Defendant has engaged in an unlawful pattern and practice of

26  failing to pay its bus and train operators for all compensable work performed by such

27  employees, including minimum wage and overtime pay, in violation of the federal Fair Labor

28  Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and failing to meet the requirements of the

1

1  California Labor Code. This lawsuit seeks damages resulting from Defendant's failure to pay
2  its bus and train operators for time that is necessary and integral to these employees' principal
3  duties, and that is incurred under the control of Defendant and required by Defendant for the
4  benefit and convenience of Defendant. Plaintiff seeks declaratory and injunctive relief,
5  compensation for all uncompensated work, liquidated and/or other damages as permitted by
6  applicable law, penalties, interest, attorneys' fees and costs.

7                                    **JURISDICTION AND VENUE**

8          2.       The FLSA authorizes private rights of action to recover damages for violations
9  of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has federal
10  question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction
11  over the California state law claims because they are so related to this action that they form
12  part of the same case or controversy under Article III of the United States Constitution.

13         3.       Venue is proper in the Northern District of California pursuant to 28 U.S.C.
14  § 1391 because Defendant is a public entity with its principal place of business in the City and
15  County of San Francisco, and some or all of the actions alleged herein occurred within the
16  Northern District of California.

17                                            **PARTIES**

18         4.       Plaintiff Darryl A. Stitt has been employed by Defendant as a bus or train
19  operator within the applicable statute of limitations. He sues on his own behalf, and as a class
20  representative on behalf of similarly situated current and former employees of Defendant.
21  True and correct copies of the executed Consent to Become Party Plaintiff is attached hereto
22  as Exhibit A. Plaintiff will file additional Consents to Become Party Plaintiffs executed by
23  similarly situated operators as they are secured.

24         5.       Defendant The San Francisco Municipal Transportation Agency operates a
25  public transportation system. Its principal place of business is in San Francisco, California.

26         6.       A substantial part of the events and/or omissions that give rise to the claims
27  alleged herein occurred in the City and County of San Francisco, and accordingly this action
28  may be assigned to the San Francisco/Oakland Division of this Court.

                                                   2

1 **FACTS**

2      7.     Defendant has at all material times failed and refused to pay bus and train

3 operators for compensable non-commute travel time between disparate start and end points of

4 operators' scheduled runs, and any applicable overtime due for such compensable time, as

5 alleged more fully below.

6      8.     Start-End Travel Time. Defendant commonly schedules operators' runs to

7 start and end at different geographical points, requiring them to engage in non-commute travel

8 time between those different points. Specifically, operators who commute from home to work

9 to their start-shift point must travel back to their vehicle at the end of their run, before they

10 can commence their commute from work to home. Alternatively, operators who commute

11 from home to work to their end-shift point must then travel by some other means of

12 transportation to their start-shift point before their shift commences, so that their vehicle will

13 be waiting for them at their end-shift point, where they can commence their commute from

14 work to home. All such travel is referred to hereinafter as "start-end travel."

15      9.     This start-end travel is not ordinary commute travel. Rather, is it caused by

16 Defendant's route and scheduling decisions and is for the convenience and benefit of

17 Defendant only.

18      10.    Despite requirements of federal law, Defendant has failed and refused to pay

19 operators for all start-end travel time actually incurred, and has failed and refused to pay

20 operators for start-end travel at one-and-a-half (1.5) times the regular rate of pay (*i.e.*, time-

21 and-a-half) when such travel causes total hours worked to exceed forty (40) hours in a week.

22      11.    Time Records. Defendant does not keep accurate records of the actual amount

23 of operators' above-referenced start-end travel time, despite the fact that start-end travel time

24 is required by Defendant's route and scheduling decisions. Defendant's breach of its

25 obligation to keep accurate records of such compensable time has resulted in a lack of

26 accurate records to show exactly how much compensable time operators have spent in start-

27 end travel time. Plaintiff is unable to state with precision the amount of start-end travel time

28 for which operators are uncompensated, but can reasonably estimate this time based on a

3

1   review of documents that are in Defendant's sole and exclusive possession. Plaintiff will
2   establish good faith estimates of the amount of their uncompensated compensable time and
3   damages after completing discovery and analyzing Defendant's evidence.

4       12.    Defendant's willful refusal to pay. Defendant has continuously failed to
5   correct the violations described herein. Plaintiff and similarly situated operators have been
6   deprived of their legally mandated compensation for compensable time, as alleged herein, due
7   to Defendant's willful refusal to pay operators for all such compensable time.

8                    **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

9       13.    Plaintiff brings the First Cause of Action (for violations of the FLSA) as an
10  "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf
11  of himself and a proposed collection of similarly situated individuals defined as follows, and
12  hereinafter referred to as the "FLSA Collection":

13              All individuals who are currently employed, or formerly have been employed,
14              by Defendant as a bus or train operator or in an equivalent position within the
15              last three (3) years.

16      14.    Plaintiff, individually, and on behalf of other similarly situated individuals
17  defined above, seeks relief on a collective basis challenging Defendant's policy and practice
18  of failing to pay for all hours worked plus applicable overtime and failing to accurately record
19  all hours worked. Named Plaintiff and the FLSA Collection are similarly situated, have
20  performed substantially similar duties for Defendant, and are uniformly subject to and are
21  currently being subjected to Defendant's uniform, class-wide payroll practices, including the
22  policy of and practice of not compensating operators for compensable time as described
23  herein. The number and identity of other similarly situated persons yet to opt-in and consent
24  to be party-plaintiffs may be determined from the records of Defendant, and potential opt-ins
25  may be easily and quickly notified of the pendency of this action.

26      15.    The names and addresses of the individuals who comprise the FLSA Collection
27  are available from Defendant. Accordingly, Plaintiff herein prays for an Order requiring
28  Defendant to provide the names and all available locating information for all members of the

4

1  FLSA Collection, so notice can be provided regarding the pendency of this action, and of such
2  individuals' right to opt-in to this action as party-plaintiffs.

3    16.    Plaintiff brings the Second through Fourth Causes of Action (the California
4  state law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23,
5  defined initially as follows, and hereinafter referred to as the "California Class":

6         All individuals who are currently employed, or formerly have been employed,
7         by Defendant as a bus or train operator or in an equivalent position within the
8         last four (4) years.

9  Excluded from the California Class are anyone employed by counsel for Plaintiff in this
10 action, and any Judge to whom this action is assigned and his or her immediate family
11 members.

12   17.    Numerosity.  Defendant has employed thousands of individuals as operators
13 from 2008 through the present.

14   18.    Existence and Predominance of Common Questions.  Common questions of
15 law and/or fact exist as to the members of the California Class and, in addition, common
16 questions of law and/or fact predominate over questions affecting only individual members of
17 the California Class.  The common questions include the following:

18         a.  Whether Defendant's policy and practice of not compensating its operators
19             for Start-End Travel Time violates California labor laws;

20         b.  Whether Defendant's payroll policies and practices have violated the
21             California Labor Code by resulting in the provision of wage statements that
22             do not accurately reflect the employee earnings and/or other items listed in
23             California Labor Code § 226(a).

24         c.  Whether Plaintiff and the proposed California Class are entitled to damages
25             and equitable relief, including, but not limited to, restitution and a
26             preliminary and/or permanent injunction, and if so, the proper measure and
27             formulation of such relief.

28   19.    Typicality.  Plaintiff's claims are typical of the claims of the California Class.

5

1    Defendant's common course of conduct in violation of law as alleged herein has caused

2    Plaintiff and the proposed California Class to sustain the same or similar injuries and

3    damages. Plaintiff's claims are therefore representative of and co-extensive with the claims of

4    the proposed California Class.

5         20.    Adequacy. Plaintiff is an adequate representative of the California Class

6    because his interests do not conflict with the interests of the members of the class he seeks to

7    represent. Plaintiff has retained counsel competent and experienced in complex class action

8    litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel

9    will fairly and adequately protect the interests of members of the California Class.

10       21.    Superiority. The class action is superior to other available means for the fair

11    and efficient adjudication of this dispute. The injury suffered by each member of the

12    California Class, while meaningful on an individual basis, is not of such magnitude as to make

13    the prosecution of individual actions against Defendant economically feasible. Individualized

14    litigation increases the delay and expense to all parties and the court system presented by the

15    legal and factual issues of the case. By contrast, the class action device presents far fewer

16    management difficulties and provides the benefits of single adjudication, economies of scale,

17    and comprehensive supervision by a single court.

18       22.    In the alternative, the California Class may be certified because:

19           a.   the prosecution of separate actions by the individual members of the

20             California Class would create a risk of inconsistent or varying adjudication

21             with respect to individual members of the California Class that would

22             establish incompatible standards of conduct for Defendant; and

23           b.   Defendant has acted and/or refused to act on grounds generally applicable

24             to the California Class, thereby making appropriate final and injunctive

25             relief with respect to members of the California Class as a whole.

26                  **FIRST CAUSE OF ACTION**

27            **Violations of the Fair Labor Standards Act**

28                **(By the FLSA Collection)**

23. Plaintiff incorporates by reference paragraphs 1 through 25 above as if fully set forth herein.

24. At all material times herein, Plaintiff and all similarly situated operators who submit Consents to Become Party Plaintiffs are or were employed by and engaged in providing services necessary to the transport of passengers by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

25. The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

26. At all material times, the start-end travel time described above is necessarily and directly related to the principal activities of the operators' duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

27. At all material times herein, Defendant has violated the FLSA by failing to pay operators for start-end travel time, plus applicable overtime.

28. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by its operators. 29 U.S.C. § 211(c).

29. Plaintiff and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all operators employed by Defendant.

30. Plaintiff and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

31. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA. Plaintiff and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or

7

1   prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

2         32.    As a result of violations of the FLSA's minimum wage and overtime pay

3   provisions, Defendant has unlawfully withheld compensation from Plaintiff and all similarly

4   situated individuals. Defendant is liable for unpaid compensation, together with an amount

5   equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

6                               **SECOND CAUSE OF ACTION**

7   **Failure to Pay All Straight Time and Overtime Earned for Hours Worked in Violation**

8       **of California Labor Code §§ 510, 1194, and 1198; IWC Wage Order 9-2001**

9                             **(By the California Class)**

10        33.    Plaintiff incorporates by reference paragraphs 1 through 35 above as if fully set

11   forth herein.

12        34.    Plaintiff and the proposed California Class have been required by Defendant to

13   work off-the-clock without compensation, in the form of start-end travel time, which is

14   compensable work time, and Defendant is required by law to pay operators for this time. By

15   failing to compensate operators for all hours worked, Defendant has violated IWC Wage

16   Order 9-2001 and California Labor Code §§ 1194 and 1198.

17        35.    Defendant has failed to pay Plaintiff and the proposed California Class

18   overtime for the above-referenced work in excess of eight (8) hours in a day or forty (40)

19   hours in a week. Defendant has violated Labor Code § 510(a) and IWC Wage Order 9-2001.

20        36.    Pursuant to California Labor Code §§ 1194 and 1198, Plaintiff and the

21   proposed California Class are entitled to recover in a civil action the unpaid balance of the full

22   amount of straight time and overtime compensation owed to them, including interest thereon,

23   plus reasonable attorneys' fees and costs.

24                               **THIRD CAUSE OF ACTION**

25   **Failure to Provide Itemized Wage Statements in Violation of California Labor Code**

26                   **§ 226 and IWC Wage Order 9-2001**

27                            **(By the California Class)**

28        37.    Plaintiff incorporates by reference paragraphs 1 through 39 above as if fully set

1  forth herein.

2      38.    Defendant has failed and continues to fail to provide timely, accurate itemized

3  wage statements to Plaintiff and members of the proposed California Class in accordance with

4  California Labor Code § 226(a) and IWC Wage Order 9-2001. The wage statements that

5  Defendant has provided to its operators, including Plaintiff and the proposed California Class

6  members, do not accurately reflect the actual hours worked and wages earned, because they

7  do not include start-end travel time.

8      39.    Defendant's failure to provide timely, accurate, itemized wage statements to

9  Plaintiff and members of the proposed California Class in accordance with the California

10  Labor Code and the applicable Wage Orders has been knowing and intentional. Accordingly,

11  Defendant is liable for damages and penalties under Labor Code § 226(e).

12                          **FOURTH CAUSE OF ACTION**

13      **Waiting Time Penalties Under California Labor Code §§ 201, 202, and 203**

14                          **(By the California Class)**

15      40.    Plaintiff incorporates by reference paragraphs 1 through 42 above as if fully set

16  forth herein.

17      41.    California Labor Code § 201(a) requires an employer who discharges an

18  employee to pay compensation due and owing to said employee upon discharge. California

19  Labor Code § 202(a) requires an employer to pay compensation due and owing within

20  seventy-two (72) hours of an employee's termination of employment by resignation.

21  California Labor Code § 203 provides that if an employer willfully fails to pay compensation

22  promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer

23  is liable for waiting time penalties in the form of continued compensation for up to 30 work

24  days.

25      42.    Plaintiff Darryl A. Stitt and certain members of the proposed California Class

26  are no longer employed by Defendant but have not been paid full compensation for all hours

27  worked, as alleged above. They are entitled to unpaid compensation for all hours worked in

28  the form of start-end travel time for which to date they have not received compensation.

9

COMPLAINT

1    43.    Defendant has failed and refused, and continues to willfully fail and refuse, to

2 timely pay compensation and wages to plaintiff and members of the proposed California Class

3 whose employment with Defendant has terminated, as required by California Labor Code §§

4 201 and 202. As a direct and proximate result, Defendant is liable to such plaintiffs and

5 proposed California class members for up to thirty (30) days of waiting time penalties

6 pursuant to California Labor Code § 203, together with interest thereon.

7                              **PRAYER FOR RELIEF**

8    WHEREFORE, Plaintiff prays for relief as follows:

9    a) For an order certifying that the First Cause of Action of this Complaint may be

10       maintained as a collective action pursuant to 29 U.S.C. § 216(b) and requiring that

11       Defendant identify all members of the FLSA Collection and to provide all locating

12       information for members of the FLSA Collection, and to provide notice to all

13       members of the FLSA Collection apprising them of the pendency of this action and

14       their opportunity to file Consents to Become Party Plaintiffs thereto.

15    b) For an order certifying that the Second through Fourth Causes of Action of this

16       Complaint may be maintained as a class action pursuant to Federal Rule of Civil

17       Procedure 23 on behalf of a class on behalf of a class as defined herein and that

18       notice of the pendency of this action be provided to members of the California

19       Class;

20    c) For an order designating Plaintiff as class representative for both the FLSA and

21       California state law claims and Plaintiff's attorneys as counsel for both the FLSA

22       Collection and the California Class;

23    d) For an order awarding Plaintiff, the FLSA Collection, and the California Class

24       compensatory damages and statutory damages (including liquidated damages on

25       the FLSA claim), including unpaid wages, overtime compensation, and all other

26       sums of money owed, together with interest on these amounts;

27    e) For preliminary, permanent, and mandatory injunctive relief prohibiting

28       Defendant, its officers, and agents, from committing the violations of law herein

10

COMPLAINT

1  alleged in the future;

2  f) For a declaratory judgment that Defendant has violated the FLSA and California

3     Labor Law and public policy as alleged herein;

4  g) For an order imposing all statutory and/or civil penalties provided by law,

5     including without limitation penalties under California Labor Code §§ 203 and

6     226(e), together with interest on these amounts;

7  h) For exemplary and punitive damages, as appropriate and available under each

8     cause of action, pursuant to California Civil Code § 3294;

9  i) For pre- and post-judgment interest;

10 j) For an award of reasonable attorneys' fees as provided by the FLSA, California

11    Labor Code §§ 226(e) and 1194; California Code of Civil Procedure § 1021.5;

12    and/or other applicable law;

13 k) For all costs of suit;

14 l) For such other and further relief as the Court deems just and proper.

15 DATED: July 16, 2012                        Respectfully submitted,

16                                             THE TIDRICK LAW FIRM

17

18                                 By: _____

19                                             STEVEN G. TIDRICK, SBN 224760

20                                             THE TIDRICK LAW FIRM
                                               2039 Shattuck Avenue, Suite 308
21                                             Berkeley, California 94704
                                               Telephone: (510) 788-5100
22                                             Facsimile: (510) 291-3226
                                               E-mail:    sgt@tidricklaw.com
23
                                               Attorneys for Individual and Representative
24                                             Plaintiff DARRYL A. STITT

25

26

27

28
                                        11

                                     COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs in the above-referenced action hereby demand a trial by jury on all counts.

3    DATED: July 16, 2012                           Respectfully submitted,

4                                                    THE TIDRICK LAW FIRM

5

6                                         By:

7                                                    STEVEN G. TIDRICK, SBN 224760

8                                                    THE TIDRICK LAW FIRM
                                                     2039 Shattuck Avenue, Suite 308
9                                                    Berkeley, California 94704
                                                     Telephone: (510) 788-5100
10                                                   Facsimile:  (510) 291-3226
                                                     E-mail:     sgt@tidricklaw.com
11
                                                     Attorneys for Individual and Representative
12                                                   Plaintiff DARRYL A. STITT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              12
                                          COMPLAINT

Exhibit A

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent to be a party Plaintiff in a lawsuit under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on such claims.

Date: July 12, 2012          By: _____
                                        Signature

                             Print name: Darryl A. Stitt

**ADDRESS REDACTED**