THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiffs DARRYL A. STITT, TONY
GRANDBERRY, and HEDY GRIFFIN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL A. STITT, TONY GRANDBERRY, and HEDY GRIFFIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY; CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-20<br><br>Defendants. | Civil Case Number: C-12-03704-YGR<br><br>**SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS AND/OR FOR RECOVERY OF:**<br>   **(1) FAIR LABOR STANDARDS ACT;**<br>   **(2) CALIFORNIA INDUSTRIAL WELFARE COMMISSION WAGE ORDERS;**<br>   **(3) SAN FRANCISCO ADMINISTRATIVE CODE; and**<br>   **(4) CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004, California Labor Code § 2699(a),(f) ("PAGA") CLAIMS).**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Darryl A. Stitt, Tony Grandberry, and Hedy Griffin, on behalf of themselves

and all others similarly situated, and all others who consent to become party plaintiffs, allege

as follows:

## NATURE OF THE CASE

1. Plaintiffs are currently and/or formerly employed as bus or train operators by

Defendant The San Francisco Municipal Transportation Agency and/or the City and County

of San Francisco (collectively hereinafter "Defendant") and seek to represent other current

1

and former employees in this collective and class action against Defendant alleging that Defendant has engaged in an unlawful pattern and practice of failing to pay its bus and train operators (Classification 9163) (collectively hereinafter "operators") for all compensable work performed by such employees, including minimum wage and overtime pay, in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, California Industrial Welfare Commission (hereinafter, "IWC") Wage Order 9-2001 (hereinafter, "Wage Order No. 9"), and the San Francisco Administrative Code. These claims are based on non-waivable statutory rights. This lawsuit seeks to enforce non-waivable statutory rights and to recover damages resulting from Defendant's failure to pay its operators for time that is necessary and integral to their principal duties, and that is incurred under the control of Defendant and required by Defendant for the benefit and convenience of Defendant. Plaintiffs seek declaratory and injunctive relief, compensation for all uncompensated work, liquidated and/or other damages as permitted by applicable law, penalties, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

2. The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant is a public entity with its principal place of business in the City and County of San Francisco, and some or all of the actions alleged herein occurred within the Northern District of California.

## PARTIES

4. Plaintiffs have each been employed by Defendant as a bus or train operator within the applicable statute of limitations. Plaintiffs sue on behalf of themselves and as class representatives on behalf of similarly situated current and former employees of Defendant. True and correct copies of their executed Consents to Become Party Plaintiff forms are

attached hereto as Exhibit A and hundreds of others have already been filed with the Court. Plaintiffs will file additional Consents to Become Party Plaintiff forms executed by similarly situated operators as they are secured.

5. Defendant The San Francisco Municipal Transportation Agency in association with Defendant The City and County of San Francisco operates a public transportation system. Their principal places of business are in San Francisco, California.

6. A substantial part of the events and/or omissions that give rise to the claims alleged herein occurred in the City and County of San Francisco, and accordingly this action may be assigned to the San Francisco/Oakland Division of this Court.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of each of the Defendants designated herein as DOES are unknown to Plaintiffs at this time and therefore said Defendants are sued by such fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each Defendant designated herein as a DOE defendant is legally responsible in some manner for the events and happenings herein alleged and in such manner proximately caused damages to Plaintiffs as hereinafter further alleged.

8. Plaintiffs are informed and believe and thereon allege that each of the Defendants was acting as the agent, employee, partner, or servant of each of the remaining Defendants and was acting within the course and scope of that relationship, and gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

**FACTS**

9. In violation of federal law, California law, and the San Francisco Administrative Code, Defendant has at all material times failed and refused to pay its operators for all compensable time, including: (1) non-commute travel time between disparate start and end points of operators' scheduled runs, (2) time spent meeting with supervisors, (3) the differential between scheduled run times and the actual run times, (4) time turning in various documents at the end of daily shifts, and (5) any applicable overtime due for such compensable time, as alleged more fully below.

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

10. <u>Start-End Travel Time</u>. Defendant commonly schedules operators' runs to start and end at different geographical points, requiring them to engage in non-commute travel time between those different points. Specifically, operators who commute from home to work to their start-shift point must travel back to their vehicle at the end of their run, before they can commence their commute from work to home. Alternatively, operators who commute from home to work to their end-shift point must then travel by some other means of transportation to their start-shift point before their shift commences, so that their vehicle will be waiting for them at their end-shift point, where they can commence their commute from work to home. All such travel is referred to hereinafter as "start-end travel."

11. This start-end travel is not ordinary commute travel. Rather, is it caused by Defendant's route and scheduling decisions and is for the convenience and benefit of Defendant only.

12. Despite requirements of federal law, California law, and the San Francisco Administrative Code, Defendant has failed and refused to pay operators for all start-end travel time actually incurred, and has failed and refused to pay operators for start-end travel at one-and-a-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such travel causes total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

13. <u>Meeting Time</u>. Defendant commonly requires that an operator attend a mandatory meeting with his/her supervisor to discuss various items related to the business of Defendant. The time that an operator spends in connection with such meeting time is referred to hereinafter as "meeting time."

14. This meeting time is caused by Defendant's policies and practices and is scheduled for the convenience and benefit of Defendant only.

15. Despite the requirements of federal law, California law, and the San Francisco Administrative Code, Defendant has failed and refused to pay operators for all meeting time actually incurred, and has failed and refused to pay operators for meeting time at one and one half (1.5) times their regular rate of pay (time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

16. <u>Routinely Late Time</u>.  Defendant commonly schedules "runs" that routinely arrive at their end points after the scheduled arrival time.  Defendant has created and maintained time-consuming procedures for operators to claim wages for the differential between the scheduled run time and the actual run time (a differential referred to hereinafter as "routinely late" time), in order to discourage operators from claiming wages for such time and allow Defendant to never pay for such unclaimed work time.

17. This routinely late time is caused by Defendant's route and scheduling decisions and is for the convenience and benefit of Defendant only.

18. Despite the requirements of federal law, California law, and the San Francisco Administrative Code, Defendant has failed to pay operators for all routinely late time actually incurred, and has failed to pay operators for routinely late time at one-and-one-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

19. <u>Turn-in Time</u>. Operators are required to turn in various documents at the end of their day's assignment. This type of activity is referred to hereinafter as "turn-in time."

20. Despite the requirements of federal law, California law, and the San Francisco Administrative Code, Defendant has failed to pay operators for all turn-in time actually incurred and Defendant has failed and refused to pay operators for turn-in time at one-and-a-half (1.5) times their regular rate of pay (time-and-a-half) when such time causes their total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

21. <u>Time Records</u>.  Defendant does not keep accurate records of the actual amount of operators' above-referenced start-end travel time, meeting time, routinely late time, and turn-in time, despite the fact that start-end travel time, meeting time, routinely late time, and turn-in time is required by Defendant's route and scheduling decisions.  Defendant's breach of its obligation to keep accurate records of such compensable time has resulted in a lack of accurate records to show exactly how much compensable time operators have spent in start-end travel time, meeting time, routinely late time, and turn-in time.  Plaintiffs are unable to state with precision the amount of start-end travel time, meeting time, routinely late time, and

5

turn-in time for which operators are uncompensated, but can reasonably estimate this time based on a review of documents that are in Defendant's sole and exclusive possession. Plaintiffs will establish good faith estimates of the amount of their uncompensated compensable time and damages after completing discovery and analyzing Defendant's evidence.

22. <u>Defendant's willful refusal to pay</u>. Defendant has continuously failed to correct the violations described herein. Plaintiffs and similarly situated operators have been deprived of their legally mandated compensation for compensable time, as alleged herein, due to Defendant's willful refusal to pay operators for all such compensable time.

## **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

23. Plaintiffs bring the First Cause of Action (for violations of the FLSA) as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of themselves and a proposed collection of similarly situated individuals defined as follows, and hereinafter referred to as the "FLSA Collection":

> All individuals who are currently employed, or formerly have been employed, by Defendant as a bus or train operator or in an equivalent position (Classification 9163) at any time on or after July 16, 2009.

24. Plaintiffs, individually, and on behalf of other similarly situated individuals defined above, seek relief on a collective basis challenging Defendant's policy and practice of failing to pay for all hours worked plus applicable overtime and failing to accurately record all hours worked. Named Plaintiffs and the FLSA Collection are similarly situated, have performed substantially similar duties for Defendant, and are uniformly subject to and are currently being subjected to Defendant's uniform, class-wide payroll practices, including the policy of and practice of not compensating operators for compensable time as described herein. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

25. The names and addresses of the individuals who comprise the FLSA Collection

are available from Defendant. Accordingly, Plaintiffs herein pray for an Order requiring Defendant to provide the names and all available locating information for all members of the FLSA Collection, so notice can be provided regarding the pendency of this action, and of such individuals' right to opt-in to this action as party-plaintiffs.

26. Plaintiffs bring the Second through Fourth Causes of Action as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23, defined initially as follows, and hereinafter referred to as the "California Class":

> All individuals who are currently employed, or formerly have been employed, by Defendant as a bus or train operator or in an equivalent position (Classification 9163) at any time on or after July 16, 2009.

Excluded from the California Class are anyone employed by counsel for Plaintiffs in this action, and any Judge to whom this action is assigned and his or her immediate family members.

27. <u>Numerosity</u>. Defendant has employed thousands of individuals as operators from 2009 through the present.

28. <u>Existence and Predominance of Common Questions</u>. Common questions of law and/or fact exist as to the members of the California Class and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the California Class. The common questions include the following:

   a. Whether Defendant's policy and practice of not compensating its operators for start-end travel time, meeting time, routinely late time, and turn-in time violates Wage Order No. 9;

   b. Whether Defendant's policy and practice of not compensating its operators for start-end travel time, meeting time, routinely late time, and turn-in time violates the San Francisco Administrative Code;

   c. Whether Defendant owes civil penalties under the Private Attorney General Act of 2004, codified at Labor Code § 2698 *et seq*. (hereinafter "PAGA"), and specifically under Labor Code § 2699(a),(f), for violations

of IWC Order No. 9 and/or the California Labor Code; and

    d. Whether Plaintiffs and the proposed California Class are entitled to damages and equitable relief, including, but not limited to, restitution and a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

29. <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the California Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiffs and the proposed California Class to sustain the same or similar injuries and damages. Plaintiffs' claims are therefore representative of and typical of the claims of the proposed California Class.

30. <u>Adequacy</u>. Plaintiffs are adequate representatives of the California Class because their interests do not conflict with the interests of the members of the class they seek to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intends to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of members of the California Class.

31. <u>Superiority</u>. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the California Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

32. In the alternative, the California Class may be certified because:

    a. the prosecution of separate actions by the individual members of the California Class would create a risk of inconsistent or varying adjudication with respect to individual members of the California Class that would establish incompatible standards of conduct for Defendant; and

  b. Defendant has acted and/or refused to act on grounds generally applicable to the California Class, thereby making appropriate final and injunctive relief with respect to members of the California Class as a whole.

# FIRST CAUSE OF ACTION

## Violations of the Fair Labor Standards Act

### (By the FLSA Collection)

33. Plaintiffs incorporate by reference the above listed paragraphs as if fully set forth herein.

34. At all material times herein, Plaintiffs and all similarly situated operators who submit Consents to Become Party Plaintiff forms are or were employed by and engaged in providing services necessary to the transport of passengers by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

35. The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

36. At all material times, start-end travel time, meeting time, routinely late time, and turn-in time as described above is necessarily and directly related to the principal activities of the operators' duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

37. At all material times herein, Defendant has violated the FLSA by failing to pay operators for start-end travel time, meeting time, routinely late time, and turn-in time, plus applicable overtime.

38. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by its operators. 29 U.S.C. § 211(c).

39. Plaintiffs and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all operators employed by Defendant.

40. Plaintiffs and all similarly situated individuals are entitled to damages equal to

the mandated pay and overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

41. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA. Plaintiffs and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

42. As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendant has unlawfully withheld compensation from Plaintiffs and all similarly situated individuals. Defendant is liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Failure to Pay All Straight Time Hours Worked in Violation of Industrial Wage Commission Order 9-2001**

**(By the California Class)**

43. Plaintiffs incorporate by reference the above listed paragraphs as if fully set forth herein.

44. Plaintiffs and the proposed California Class have been required by Defendant to work off-the-clock without compensation, in the form of start-end travel time, meeting time, routinely late time, and turn-in time, all of which is compensable work time, and Defendant is required by law to pay operators for this time. By failing to compensate operators for all hours worked, Defendant has violated Order No. 9.

45. Pursuant to Order No. 9 and/or California Labor Code §§ 1194 and 1198, Plaintiffs and the proposed California Class are entitled to recover in a civil action the unpaid balance of the full amount of straight time owed to them, including interest thereon, plus reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**Failure to Pay the Minimum Wage for All Hours Worked in Violation of San Francisco Administrative Code § 12**

**(By the California Class)**

46. Plaintiffs incorporate by reference the above listed paragraphs as if fully set forth herein.

47. Plaintiffs and the proposed California Class have been required by Defendant to work off-the-clock without compensation, in the form of start-end travel time, meeting time, routinely late time, and turn-in time, all of which is compensable work time, and Defendant is required by law to pay operators for this time. By failing to compensate operators for all hours worked, Defendant has violated San Francisco Administrative Code § 12R.

48. Pursuant to San Francisco Administrative Code, Plaintiffs and the proposed California Class are entitled to recover in a civil action the unpaid balance of the full amount of straight time owed to them, including interest thereon, plus liquidated damages, plus reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

**PAGA CLAIMS**

**Lab. Code § 2699(a), (f)**

49. Plaintiffs incorporate by reference the above listed paragraphs as if fully set forth herein.

50. Under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." California Labor Code § 2699(a).

51. PAGA also provides: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: (1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500). (2)If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." California Labor Code § 2699(f)(1)-(2).

52. Plaintiffs bring this action under PAGA individually and as a representative suit on behalf suit on behalf of all current and former employees pursuant to the procedures in California Labor Code § 2699.3 or the in the alternative as a class action as alleged above.

53. Plaintiff Tony Grandberry satisfied the pre-filing notice and exhaustion of administrative remedies requirement under Labor Code section 2699.3(a).

54. As alleged above, Defendants have violated several provisions of the California Labor Code, including but not limited to Labor Code §§ 1194, 1197, 1198, 1199, and Wage Order 9-2001, for which Plaintiffs seek recovery of civil penalties under Labor Code §§ 2698 and 2699(f).

55. WHEREFORE, Plaintiffs seek penalties and interest as allowed by law, costs of suit, and any further relief that the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as follows:

a) For an order certifying that the First Cause of Action of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and requiring that Defendant identify all members of the FLSA Collection and to provide all locating information for members of the FLSA Collection, and to provide notice to all members of the FLSA Collection apprising them of the pendency of this action and their opportunity to file Consents to Become Party Plaintiff forms thereto;

b) For an order certifying that the Second through Fourth Causes of Action of this

    Complaint may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the California Class;

c) For an order designating Plaintiffs as class representatives for both the FLSA and California state law claims and Plaintiffs' attorneys as counsel for both the FLSA Collection and the California Class;

d) For an order awarding Plaintiffs, the FLSA Collection, and the California Class compensatory damages and statutory damages (including liquidated damages on the FLSA claim), including unpaid wages, overtime compensation, and all other sums of money owed, together with interest on these amounts;

e) For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, and agents, from committing the violations of law herein alleged in the future;

f) For a declaratory judgment that Defendant has violated the FLSA, California Labor Law, the San Francisco Administrative Code, and public policy as alleged herein;

g) For exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

h) For pre- and post-judgment interest;

i) For an award of reasonable attorneys' fees as provided by the FLSA, California Labor Code § 1194; California Code of Civil Procedure § 1021.5; the San Francisco Administrative Code, and/or other applicable law;

j) For all unpaid overtime wages due to Plaintiffs and each Class member;

k) For civil penalties under the Labor Code Private Attorneys General Act and/or Wage Order No. 9;

l) For liquidated damages under the San Francisco Administrative Code;

m) For all costs of suit; and

n) For such other and further relief as the Court deems just and proper.

DATED: February 14, 2013                    Respectfully submitted,

THE TIDRICK LAW FIRM


By:   /s/ Steven G. Tidrick
      ———————————————
      STEVEN G. TIDRICK, SBN 224760

THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone:   (510) 788-5100
Facsimile:   (510) 291-3226
E-mail:      sgt@tidricklaw.com
E-mail:      jby@tidricklaw.com

Plaintiffs DARRYL A. STITT, TONY
GRANDBERRY, and HEDY GRIFFIN

## **DEMAND FOR JURY TRIAL**

Plaintiffs in the above-referenced action, on their own behalf and on behalf of all persons they seek to represent, hereby demand a trial by jury on all counts.

DATED: February 14, 2013                    Respectfully submitted,

THE TIDRICK LAW FIRM


By:   /s/ Steven G. Tidrick
      ———————————————
      STEVEN G. TIDRICK, SBN 224760

THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone:   (510) 788-5100
Facsimile:   (510) 291-3226
E-mail:      sgt@tidricklaw.com
E-mail:      jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiffs DARRYL A. STITT, TONY
GRANDBERRY, and HEDY GRIFFIN

14

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Exhibit A

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent to be a party Plaintiff in a lawsuit under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on such claims.

Date: July 12, 2012   By: *Darryl H. Stitt*
                         Signature

Print name: Darryl H. Stitt

ADDRESS REDACTED

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent to be a party Plaintiff in a lawsuit under the Fair Labor Standards Act and the California Labor Code. I hereby authorize my attorneys to represent me before any court or agency on such claims.

Date: 7/30/12   By: _____
                         Signature

                Print name: Tony Gransberi

CONTACT INFORMATION REDACTED

# CONSENT TO BECOME PARTY PLAINTIFF

I, am or have been, currently or formerly employed by the San Francisco Municipal Transportation Agency and/or the City and County of San Francisco (collectively, "Defendants") as a bus and/or train operator, have reviewed the Amended Collective and Class Action Complaint (Civil Case No. C-12-03704-YGR), and I hereby consent to be a party plaintiff in such action arising under the Fair Labor Standards Act against Defendants regarding Defendants' failure to fully compensate me for all compensable travel time and waiting time. I hereby authorize the Tidrick Law Firm to represent me before any court or agency on such claims.

Date: 10/30/2012   By: _____
                          Signature

Print name: Hedy V. Griffin

Contact Information Redacted