THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiffs DARRYL A. STITT, TONY
GRANDBERRY, and HEDY GRIFFIN,
and for the CERTIFIED CLASS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL A. STITT *et al.*,<br><br>               Plaintiffs,<br>     v.<br><br>THE SAN FRANCISCO MUNICIPAL<br>TRANSPORTATION AGENCY *et al.*,<br>               Defendants. | Civil Case Number: 4:12-cv-03704-YGR<br><br>**PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>N.D. Cal. Civ. L.R. 7-11<br><br>Action Filed: July 16, 2012<br>Trial Date: November 29, 2016 |

## I.     Introduction

Plaintiffs and Class Representatives Darryl Stitt, Tony Grandberry, and Hedy Griffin, on behalf of the collective action members and the certified class (collectively, "Plaintiffs"), by and through Class Counsel, The Tidrick Law Firm, hereby move, pursuant to N.D. Cal. Civ. L.R. 7-11, for administrative relief regarding Defendants' Motion for Summary Judgment, including the Separate Statement of Undisputed Facts ("Defendants' Separate Statement") (Docket Nos. 360, 360-1).

## II.     Summary of Procedural History

The key facts have been summarized in prior filings. *See, e.g.*, Plaintiffs' Motion for Class Certification (Docket No. 152). Here, Plaintiffs set forth only the background facts necessary to understand the history of the case in relation to this administrative motion.

This case was filed as a putative collective and class action on July 16, 2012. (Docket No. 1). The operative complaint (the second amended complaint) was filed on March 6, 2013. (Docket No. 69). The operative answer was filed on March 26, 2013. (Docket No. 79). Plaintiffs' primary claims are that they and other class members, including both bus and train operators (collectively "Operators"), were not paid for all hours worked as required by law.[1]

The Court granted Plaintiffs' motion for class certification under Rule 23, and for collective action certification, on May 2, 2014. (Docket No. 189). There are approximately 3,108 people in the Rule 23 class. (Docket No. 335, at 2:18-19).[2] Approximately 2,420 people have opted in to the FLSA collective action. *Id*.

On July 20, 2016, the Court held a pre-filing hearing regarding motions for summary judgment. (Docket No. 355). At the hearing, the Court reminded the parties that the Court's Standing Order governs the required Separate Statements, among other things. In light of that reminder, and Plaintiffs' counsel's reminder to Defendants' counsel during a deposition on July 14, 2016, there is no doubt that Defendants' counsel were on notice of the Standing

---

[1] See Docket No. 189 (Order granting Plaintiffs' motion for class certification and for *Hoffmann-La Roche* notice), at 2:6-7.

[2] In this brief, citations to ECF filings refer to the ECF-generated page numbers at the tops of the pages, not the page numbers at the bottoms of the pages.

PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - *Stitt v. The San Francisco Municipal Transportation Agency*, Case No. 4:12-cv-03704-YGR

Order.  *See* Docket No. 363-1, at Page 183 of 373 (transcript at 16:2-7) (Plaintiffs' counsel asked the expert, who had failed to number the paragraphs of his report: "Do you understand that Judge Gonzalez Rogers has a standing order that requires all expert reports to include paragraphs to facilitate any motion practice challenge to the specifics of any opinions?"; Defendants' expert responded, "No"; Defendants' counsel stated, "I wasn't aware either.").

On August 2, 2016, Defendants filed their motion for summary judgment, including Defendants' Separate Statement.

Trial is scheduled for November 29, 2016.  *See* Docket No. 318 (Amended Case Management and Pretrial Order).

**III.     Argument**

Defendants' Separate Statement is 20 pages.  Thus, it exceeds the Court's page limit of 15 pages.  *See* Judge Yvonne Gonzalez Rogers's Standing Order in Civil Cases, Updated Feb. 9, 2016, Section 9.c.3. ("Unless a party has obtained prior permission from this Court, the Supporting Separate Statement is limited to no more than fifteen (15) pages, and the Responsive Separate Statement is limited to no more than five (5) additional pages beyond the number of pages in the opening statement.")

Also, the column widths that Defendants used in Defendants' Separate Statement are improper.  The amount of space that Defendants' Separate Statement allocated to Plaintiffs in the "Opposing Party's Response and Supporting Evidence" is signficantly less than the amount of space that Defendants used in their portion of the statement.  That is apparent from simply looking at the differences in the width of those two columns in Defendants' Separate Statement.

The combined effect of Defendants' use of 20 pages and the unequal column widths is that Plaintiffs do not have enough space for inserting their response and supporting evidence within the five (5) additional pages allowed by the Standing Order.

Attempting to modify the Microsoft word version of Defendants' Separate Statement (which Defendants' counsel provided to Plaintiffs' counsel at Plaintiffs' counsel's request) does not solve the problem.  If the column entitled "Opposing Party's Response and

2

Supporting Evidence" is adjusted to be the same width as the column entitled "Moving Party's Undisputed Material Facts and Supporting Evidence," so as to create equal space, then the Separate Statement increases in length to be a total of twenty-two (22) pages.

Accordingly, Plaintiffs request that the Court: (1) strike the motion for summary judgment and separate statement (Docket Nos. 360, 360-1) in their entirety; (2) strike the final five pages of the Separate Statement (specifically, ECF pages 17 of 21 through 21 of 21 of Docket No. 360-1); and/or (3) allow Plaintiffs, for their responsive Separate Statement, to have at least ten (10) additional pages beyond the number of pages that Defendants used in their separate statement.

The Court has the authority to grant any of the requested relief. *See Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) (citing *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000)) ("Given their importance, we have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment."). *See, e.g., Harvey v. Segura*, 2015 U.S. Dist. LEXIS 50863, at *3 (D. Colo. Apr. 17, 2015) (granting motion to strike summary judgment motion that did not comply with page limit requirements); *Lifeblood Biomedical, Inc. v. Mann (In re Sender)*, 2005 U.S. Dist. LEXIS 35743, at *6-7 (D. Colo. Dec. 14, 2005) (similar); *Oao Alfa Bank v. Ctr. for Pub. Integrity*, 387 F. Supp. 2d 20, 39 (D.D.C. 2005) (similar); *Pelt-Washington v. Fresenius Med. Care AG*, 2007 U.S. Dist. LEXIS 36466, at *1 (N.D. Fla. May 17, 2007) ("Because Plaintiff's response is in excess of the page limit, and because Plaintiff did not seek prior approval from the Court to exceed the page limit, Defendants' motion to strike is granted, and Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment, Doc. 48, is hereby stricken from the record.").

If the Court strikes Defendants' motion, it is within the Court's discretion whether to modify the case schedule so as to allow Defendants' to re-file it. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

If the Court allows Defendants to re-file any summary judgment papers, it should prohibit Defendants from ***adding*** anything that is not in the papers already filed. Defendants

3

should not be allowed to benefit from their non-compliance with the Court's Standing Order.

## IV. Conclusion

Plaintiffs respectfully request that the Court grant the relief requested.

DATED: August 6, 2016       Respectfully submitted,

THE TIDRICK LAW FIRM

By:    /s/ Steven G. Tidrick

STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662

PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - *Stitt v. The San Francisco Municipal Transportation Agency*, Case No. 4:12-cv-03704-YGR