1  THE TIDRICK LAW FIRM
   STEVEN G. TIDRICK, SBN 224760
2  JOEL B. YOUNG, SBN 236662
   2039 Shattuck Avenue, Suite 308
3  Berkeley, California 94704
   Telephone: (510) 788-5100
4  Facsimile: (510) 291-3226
   E-mail:   sgt@tidricklaw.com
5  E-mail:   jby@tidricklaw.com

6  Attorneys for Individual and Representative
   Plaintiffs DARRYL A. STITT, TONY
7  GRANDBERRY, and HEDY GRIFFIN,
   and for the CERTIFIED CLASS

8
                    IN THE UNITED STATES DISTRICT COURT
9
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11  DARRYL A. STITT *et al.*,                Civil Case Number: 4:12-cv-03704-YGR

12                         Plaintiffs,       **AMENDED NOTICE OF CLASS ACTION
              v.                             SETTLEMENT**
13
    THE SAN FRANCISCO MUNICIPAL
14  TRANSPORTATION AGENCY *et al.*,
                           Defendants.       The Honorable Yvonne Gonzalez Rogers
15

16

17

18

19          Attached is the class action settlement agreement, including the proposed class notice.

20  The attached document is identical to the document filed on December 16, 2016 (Dkt. 432),

21  except that the signature of SFMTA's General Manager is included here at ECF page 34.

22  DATED: January 8, 2017             THE TIDRICK LAW FIRM

23                                     By:    /s/ Steven G. Tidrick

24                                     _____
                                       STEVEN G. TIDRICK, SBN 224760
25                                     JOEL B. YOUNG, SBN 236662

26                                     Attorneys for Individual and Representative
                                       Plaintiffs DARRYL A. STITT, TONY
27                                     GRANDBERRY, and HEDY GRIFFIN,
                                       and for the CERTIFIED CLASS
28

                                          1

1   ARTHUR A. HARTINGER (SBN 121521)
    ahartinger@publiclawgroup.com
2   LINDA M. ROSS (SBN 133874)
    lross@publiclawgroup.com
3   KEVIN P. MCLAUGHLIN (SBN 251477)
    kmclaughlin@publiclawgroup.com
4   RENNE SLOAN HOLTZMAN SAKAI LLP
    1220 Seventh Street, Suite 300
5   Berkeley, California 94710
    Telephone: (510) 995-5800
6   Facsimile:  (415) 678-3838

7   Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO

8

9   STEVEN G. TIDRICK (SBN 224760)
    sgt@tidricklaw.com
10  JOEL B. YOUNG (SBN 236662)
    jby@tidricklaw.com
11  THE TIDRICK LAW FIRM
    2039 Shattuck Avenue, Suite 308
12  Berkeley, California 94704
    Telephone: (510) 788-5100
13  Facsimile:  (510) 291-3226

14  Attorneys for the Certified Collective
    Action Members and the Certified Class

15

16              IN THE UNITED STATES DISTRICT COURT

17           FOR THE NORTHERN DISTRICT OF CALIFORNIA

18  DARRYL A. STITT, TONY GRANDBERRY, and      Case No. 12-cv-03704-YGR
    HEDY GRIFFIN, on behalf of themselves and all
19  others similarly situated,                  **JOINT STIPULATION OF CLASS ACTION**
                                                **SETTLEMENT AND RELEASE**
20          Plaintiffs,

21  v.                                          Judge:  Hon. Yvonne Gonzalez Rogers

22  THE SAN FRANCISCO MUNICIPAL
    TRANSPORTATION AGENCY; CITY AND
23  COUNTY OF SAN FRANCISCO; and DOES 1-
    20,
24
            Defendants.
25

26

27

28

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

This Joint Stipulation of Settlement and Release ("Stipulation" or "Settlement") is made and entered into, as of the date set forth below, between Plaintiffs Darryl A. Stitt, Tony Grandberry and Hedy Griffin, as individuals and on behalf of all others similarly situated ("Plaintiffs"), and the City and County of San Francisco and its constituent agency the San Francisco Municipal Transportation Agency (collectively, "Defendant" or "SFMTA"), who are parties (together, the "Parties"), to the above-captioned litigation ("Action").

## 1.    THE CONDITIONAL NATURE OF THIS STIPULATION

1.1    This Stipulation and all associated exhibits or attachments are made for the sole purpose of settling the above-captioned Action.  This Stipulation and the Settlement it evidences are made in compromise of disputed claims.  Because this action was pled as a collective, class and representative action, this Settlement must receive preliminary and final approval by the Court in order to take effect. In addition, this Settlement is contingent upon final approval by the Board of Directors of the San Francisco Municipal Transportation Agency ("SFMTA").   Accordingly, the Settling Parties (as defined herein) enter into this Stipulation and associated Settlement on a conditional basis.  If the Court does not enter the Order of Final Approval; the proposed Judgment does not become a Final Judgment for any reason;  the Effective Date does not occur; and/or the SFMTA Board does not give final approval, this Stipulation shall be deemed null and void *ab initio*; it shall be of no force or effect whatsoever; it shall not be referred to or utilized for any purpose whatsoever; and the negotiation, terms and entry of the Stipulation shall remain subject to the provisions of Federal Rule of Evidence 408, California Evidence Code sections 1119 and 1152, and any other analogous rules of evidence that are applicable.

1.2    Defendant denies all claims as to liability, damages, penalties, interest, fees, restitution, injunctive relief and all other forms of relief, as well as denies the class, collective and representative action allegations asserted in the Action, as those terms are defined below.  Defendant has agreed to resolve the Action via this Stipulation, but to the extent this Stipulation is deemed void or the Effective Date does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Action upon all procedural, merit, and factual grounds, including, without limitation, the ability to challenge class, collective and representative action treatment on any grounds, as well as asserting any and all other privileges and potential defenses.  The Class

Representatives and Class Counsel (as defined below) agree that Defendant retains and reserves these rights, and the Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that based on this Stipulation, Defendant cannot contest class certification or collective action or representative action treatment on any grounds whatsoever, or assert any and all other privileges or potential defenses if this Action were to proceed. Similarly, to the extent this Stipulation is deemed void or the Effective Date does not occur, Plaintiffs and the class members do not waive, but rather expressly reserve, all rights to prosecute all claims and allegations in the Action upon all procedural, merit, and factual grounds. Defendant agrees that Plaintiffs and the class members retain and reserve these rights, and Defendant agrees not to argue or present any argument, and hereby waives any argument, that this Stipulation establishes any facts or bars any claims if this Action were to proceed.

**2.    DEFINITIONS**

The following terms, when used in this Joint Stipulation of Class Action Settlement and Release, shall have the following meanings:

2.1    "Parties" means Defendant and the Plaintiffs.

2.2    "Settling Parties" means Defendant, Plaintiffs, and the Settlement Class.

2.3    "Action" means the lawsuit entitled *Stitt, et al. v. The San Francisco Municipal Transportation Agency; City and County of San Francisco, and Does 1-20*, Case No. 12-cv-03704-YGR, pending in the U.S. District Court for the Northern District of California.

2.4    "Settlement Class Member" means all current and former employees of Defendant who are or were employed by Defendant as Operators (classification 9163) (including Bus Operators, Rail Operators, Cable Car Operators, whether full-time or part-time) at any time from July 16, 2009 through November 1, 2016 ("Class Period").

2.5    "Qualified Claimant" means a Settlement Class Member who has timely submitted a fully and correctly completed and signed/dated Claim Form. A Qualified Claimant shall also include a Class Member who has submitted a correctly completed and signed Claim Form that is late, but whose Claim Form is nonetheless accepted by Defendant, in its sole discretion, as provided herein.

2.6    "Late Participating Claimant" means a Settlement Class Member who does not submit a Claim Form or an Opt-Out Request to the Claims Administrator, but who elects to join the Class and

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

participate in the Settlement by endorsing (i.e., signing and cashing or depositing) the settlement check sent to him/her by the Claims Administrator.

2.7     "Class Period" means the time period between July 16, 2009 through November 1, 2016.

2.8     "Class Counsel" means The Tidrick Law Firm.

2.9     "Class Representatives" or "Plaintiffs" means Plaintiffs Darryl A. Stitt, Tony Grandberry, and Hedy Griffin.

2.10     "Released Claims" shall mean any and all wage and hour and pay-related claims under California law, the Fair Labor Standards Act,  federal, state or local laws and/or ordinances, or tort or contract theories, whether known or unknown, and whether anticipated or unanticipated, including unknown claims covered by California Civil Code Section 1542, as quoted in Section 6.8.2, below, that accrued or accrue through the date on which an Opt-Out Request must be filed with the Court (as set forth below), and that were or could have been asserted in the Action, and that are subject to the provisions of Section 6.8, below, including but not limited to claims for:  breach of contract, breach of the implied covenant of good faith and fair dealing, failure to pay all wages and other compensation, failure to pay overtime, double time, straight time or minimum wages, failure to pay for all hours worked, failure timely to pay final wages or other wages, failure to provide meal and rest breaks, failure to pay premium pay for missed meal and/or rest breaks, failure to keep/maintain and furnish accurate itemized wage statements, and including but not limited to any and all claims for recovery of wages, overtime pay, minimum wage, premium pay, penalties, interest and/or liquidated damages under the FLSA, the California Industrial Welfare Commission Wage Orders, and/or claims under the California Labor Code, including but not limited to Labor Code §§ 200, 201, 202, 203, 204, 204b, 204.3, 210, 212, 218, 218.5, 218.6, 219, 221, 222, 223, 224, 226, 226.3, 226.7, 256, 450, 510, 511, 512, 558, 1174, 1174.5, 1175, 1182, 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2802, and the Private Attorneys' General Act 2698, *et seq*., claims under the San Francisco Minimum Wage Ordinance ("SFMWO"), all waiting time penalties that were sought or could have been sought in the Complaint, other penalties, related tort, contract, claims for interest, litigation and other costs, expenses, restitution, and equitable and declaratory relief, claims under 29 U.S.C. §§ 201, 206, 207(a), 210, 211(c), 215(a),

216(b), and 255(a), and claims for attorneys' fees, including without limitation pursuant to Code of Civil Procedure § 1021.5, California Labor Code §§ 218.5, 226(e), 1194, 2699(g), and 29 U.S.C. § 216(b).

2.11    "Maximum Settlement Amount" is the sum of Eight Million Dollars ($8,000,000.00), which represents the maximum amount payable in this Settlement by Defendant, and includes, without limitation, Plaintiffs' attorneys' fees and costs, the Service Payments, and the amounts payable to Qualified Claimants and Late Participating Claimants.  The Maximum Settlement Amount shall include the Qualified Settlement Fund's share of payroll taxes.

2.12    "Settlement Pool" is the portion of the Maximum Settlement Amount available for distribution to Qualified Claimants and Late Participating Claimants.  It equals the Maximum Settlement Amount less Court-approved attorneys' fees and costs, settlement administration costs, and the Court-approved Service Payments.

2.13    "Settlement Payment" means the amount due each Qualified Claimant and Late Participating Claimant under the terms of this Stipulation.

2.14    "Court" means the United States District Court, Northern District of California.

2.15    "Defense Counsel" means Renne Sloan Holtzman Sakai, Public Law Group LLP.

2.16    "Effective Date" means the date on which the Judgment becomes a Final Judgment.

2.17    "Final Approval Date" means the date on which the Court enters the Order of Final Approval.

2.18    "Final Approval Hearing" means a hearing set by the Court, to take place on a date established by the Court, for the purpose of (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated Settlement pursuant to class action procedures and requirements; (ii) determining the amount of the award of attorneys' fees and costs to Class Counsel; (iii) determining the amount of the Service Payment to the Class Representatives; and (iv) entering the Judgment.

2.19    "Final Judgment" means the latest of the following dates:  (i) if no Class Member files an objection to the Settlement, then the date the Court enters a judgment dismissing the Action and an Order of Final Approval of the Settlement; (ii) if a Class Member files an objection to the Settlement, then after the applicable date for seeking appellate review of the District Court's final approval of the Settlement has passed, assuming no appeal or request for review is filed; or (iii) if an appeal is filed, the final

resolution of that appeal (including any requests for rehearing and/or petitions for writ of certiorari) resulting in the final judicial approval of the Settlement. Notwithstanding the foregoing, any proceeding, order, or appeal pertaining solely to the award of attorneys' fees, costs or the Service Payment to the Class Representatives shall not by itself in any way delay or preclude the Judgment from becoming a Final Judgment.

2.20 "Judgment" means the judgment to be executed and filed by the Court pursuant to this Stipulation following the Final Approval Hearing.

2.21 "Claim Form" means the form entitled "Claim Form" in the same or substantially the same form attached hereto as **Exhibit 2**. A timely and completed Claim Form must be submitted to the Claims Administrator for a Settlement Class Member to claim his/her share of the Settlement Pool. The Claim Form will also serve as written consent to become a party plaintiff pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), if such consent has not previously been filed. Notwithstanding this provision, Late Participating Claimants may elect to join the Class and participate in the Settlement by endorsing the check sent to him/her by the Claims Administrator, as provided in Sections 7.2.2 and 7.4.3.

2.22 "Claims Administrator" means Simpluris, Inc., Rust Consulting, Inc., or Settlement Services, Inc., to be selected by Class Counsel based on bids to be obtained by Class Counsel.

2.23 "Claims Period Deadline" shall be the date sixty (60) days after the Settlement Documents are mailed to the Class Members by the Claims Administrator. However, Defendant, in its sole and absolute discretion, may elect to accept claims after the Claims Period Deadline has expired.

2.24 "Notice of Settlement" means the document provided to Class Members to notify them of the Settlement, a copy of which is attached hereto as **Exhibit 1**, as may be modified by Court order.

2.25 "Preliminary Approval Date" means the date the Court enters an Order approving the Stipulation of Settlement, and the exhibits thereto, and providing for notice to the Class, an opportunity to opt out of the Class, an opportunity to submit timely objections to the settlement, a procedure for submitting claims, and setting a hearing on the fairness of the terms of settlement, including approval of the Service Payment and attorneys' fees and costs.

2.26    "Service Payment" means the amount approved by the Court to be paid to certain class members, which payment shall be in addition to their allotted portion of the Settlement Pool.  Plaintiffs will file a motion requesting the Service Payments consistent with Section 6.4.1 of this Settlement, with reversion to the Settlement Pool of any amount not awarded by the Court.  Defendant specifically reserves the right to oppose Class Counsel's application for Service Payments.

2.27    "Settlement Documents" means the Notice of Settlement (**Exhibit 1**) and the Claim Form (**Exhibit 2**), as may be modified by Court order.

2.28    "Stipulation of Settlement" or "Stipulation" or "Settlement" shall mean this Joint Stipulation of Class Action Settlement and Release, signed by counsel for all of the Parties.

2.29    "Record" shall mean the arguments and evidence presented by Defendant in this action, including without limitation arguments and evidence submitted in support of Defendant's Motion for Summary Judgment or Partial Summary Judgment, Motion for Decertification of the Rule 23 Class and FLSA Collective Action, Motion to Exclude Testimony and Evidence (*Daubert* Motion), Opposition to Plaintiffs' Motion for Class Certification, and Opposition to Plaintiffs' Motion for Approval of *Hoffman-La Roche* Notice.

3.    **DESCRIPTION OF THE LITIGATION**

3.1    On July 16, 2012, Plaintiff Darryl Stitt filed a putative class action complaint against Defendant in the United States District Court, Northern District of California, captioned *Darryl Stitt, et al. v. The San Francisco Municipal Transportation Agency; City and County of San Francisco and Does 1-20*, Case No. 12-cv-03704-YGR.  The complaint was subsequently amended, and the Second Amended Complaint (Docket No. 69) is the operative complaint in the *Stitt* action.  The *Stitt* action alleged claims for: (1) failure to pay overtime wages in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201*, et seq.*; (2) failure to pay straight time for hours worked in violation of California Labor Code § 1194 and IWC Wage Order No. 9-2001; (3) failure to pay minimum wage for all hours worked in violation of the San Francisco Minimum Wage Ordinance; and (4) penalties pursuant to the California Private Attorney General Act ("PAGA") under California Labor Code § 2699 based on violation of Labor Code §§ 1194, 1197, 1198, 1199, and IWC Wage Order 9-2001.  The *Stitt* action was brought on

behalf of a proposed class which included all current and former employees of Defendant who are or were employed by Defendant as a bus or train operator at any time during the Class Period.

3.2    On May 2, 2014, the Court granted Plaintiffs' motion for approval of *Hoffman-La Roche* notice, conditionally certifying the FLSA claim as a representative collective action, and ordering that a Notice and Consent to Join form be sent to all individuals currently or formerly employed as a bus or train operator with Defendant from August 17, 2009 to the present. (Docket No. 189.)  In the same order, the Court granted Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23(b)(3) of Plaintiffs' claims for failure to pay straight time for hours worked in violation of California Labor Code § 1194 and IWC Wage Order No. 9-2001, and failure to pay minimum wage for all hours worked in violation of the San Francisco Minimum Wage Ordinance (Docket No. 189).

3.3    Through extensive discovery, Defendant provided Plaintiffs' counsel with payroll information for all Class Members during the Class Period, Defendant's timekeeping and pay policies and practices applicable to Class Members during the Class Period, testimony relevant to all of Plaintiffs' claims, and many other documents relevant to Plaintiffs' claims.

3.4    During 2014, 2015, and 2016, the Parties participated in several settlement conferences. The most recent settlement negotiations, during 2016, were presided over by Magistrate Judge Joseph A. Spero.  All of the terms of this settlement are contained within this Stipulation of Settlement.  At all times, the Parties' settlement negotiations have been non-collusive, adversarial, and at arm's length.

3.5    Discussions between counsel for the Parties, extensive discovery, briefing on numerous motions, as well as the respective investigation and evaluation of Plaintiffs' claims by the Parties, have permitted each side to assess the relative merits of the claims and the defenses to those claims.  The Parties agree that the above-described investigation and evaluation, as well as discovery and briefing of motions, are sufficient to assess the merits of the respective Parties' positions and to compromise the issues on a fair and equitable basis.

## 4.    CLASS COUNSEL AND CLASS REPRESENTATIVES' POSITION

4.1    Based on their own independent investigations and evaluations, Class Counsel is of the opinion that the Settlement with Defendant for the consideration and terms set forth herein, considering the representative and class claims, and the risk of loss, is fair, reasonable, and adequate in light of all

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

known facts and circumstances, and is in the best interests of the Class. Class Counsel is also of the opinion that the total consideration and payment set forth in this Stipulation of Settlement is adequate in light of the uncertainties surrounding the risk of further litigation, the possibility that the Court will grant Defendant's Motion for Summary Judgment or Partial Summary Judgment, Motion for Decertification of the Rule 23 Class and FLSA Collective Action, *Daubert* Motion, and the defenses that Defendant has asserted and/or could assert as the substantive merit of the claims.

4.2     Class Counsel has weighed the monetary benefit under the Settlement to the Settlement Class against the expenses and length of continued proceedings that would be necessary to prosecute the Action against Defendant through trial and possible appeals. Class Counsel has also taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as class actions, as well as the difficulties and delay inherent in such litigation. As a result, Class Counsel has determined that the settlement set forth in this Stipulation of Settlement is in the best interests of the Settlement Class.

## 5.     DEFENDANT'S POSITION

5.1     Defendant specifically and generally denies any and all liability or wrongdoing of any sort with regard to the claims alleged, makes no concessions or admissions of liability of any sort, and contends that for any purpose other than Settlement, the Action is not appropriate for class action, collective action, or representative action treatment. Nonetheless, Defendant has concluded that further conduct of the Action would likely be protracted, distracting and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendant has also taken into account the uncertainty and risks inherent in any litigation. Defendant has therefore determined that it is desirable and beneficial to settle the Action in the manner and upon the terms and conditions set forth in this Stipulation.

5.2     Neither this Stipulation of Settlement, nor any document referred to in it, nor any actions taken pursuant to this Stipulation of Settlement, is or should be construed as an admission by Defendant of any fault, wrongdoing, or liability whatsoever. Nor should the Stipulation of Settlement be construed as an admission that Plaintiffs and the purported class meet any of the class action elements contained in Fed. R. Civ. P. 23 or that a collective action should continue to be certified under the FLSA or that a

representative action could be maintained under the PAGA. There has been no final determination by any court as to the merits of the claims asserted by Plaintiffs against Defendant or as to whether a class or collective action should continue to be certified.

5.3 Defendant and its counsel have concluded that it is desirable that the Action be settled in a manner and upon such terms and conditions set forth herein in order to avoid further expense, inconvenience and distraction of further legal proceedings, and the risk of the outcome of the Action. Therefore, Defendant has determined that it is desirable and beneficial to resolve the claims in the Action.

## 6. OPERATIVE TERMS OF SETTLEMENT

The Parties to this case agree as follows:

6.1 Class Certification.

6.1.1 The Parties stipulate, for settlement purposes only, to the continued certification of the Class.

6.1.2 If, for any reason, the Court does not approve this Stipulation, fails to enter the Judgment, or if this Stipulation is terminated for any other reason, Defendant shall, and hereby does, retain the right to dispute the appropriateness of continued class certification.

6.2 Maximum Settlement Amount.

6.2.1 Defendant shall pay an amount not to exceed Eight Million Dollars ($8,000,000.00) as the Maximum Settlement Amount to resolve the Action on a class-wide basis, as described more fully below. The Maximum Settlement Amount includes reasonable attorneys' fees and costs as determined by the Court, and the Service Payments as determined by the Court, with the balance ("Settlement Pool") to pay the settlement administration and Settlement Payments to Settlement Class Members pursuant to Section 6.7, below.

6.3 Non-Monetary Terms of Settlement. As part of the settlement, and for good and valuable consideration, the Parties stipulate to the following:

6.3.1 Recitals. The wage and hour claims made by the plaintiffs, class members and consenters (hereafter collectively "Plaintiffs") were premised in this case on the Fair Labor Standards Act ("FLSA"); State labor laws (including the California Labor Code and Industrial Wage Orders issued

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

by the California Industrial Welfare Commission) (hereafter collectively "State Law"); and the SFMWO. The parties' settlement is based in part on the mutual intent to resolve all wage and hour liability that was (or which could have been) premised on the claims in this case, and to ensure to the maximum extent permissible under the law that SFMTA will not face liability for such claims in the future. All parties agree that this stipulation confirms the conditions that place the SFMTA in full compliance with the foregoing laws. The parties intend that the stipulations herein shall govern any and all future liability by SFMTA on the claims addressed in the stipulations. The parties acknowledge that the claims addressed in the stipulations were fully and fairly litigated, and that the evidence and law supports the stipulations made herein.

6.3.2   <u>Recitals.</u>  The Plaintiffs in this case are represented for the purpose of collective bargaining by the Transport Workers' Union, Local 2501-A ("the Union"). The collective bargaining agreement, referred to as a Memorandum of Understanding ("MOU"), covering the Plaintiffs contains a comprehensive list of activities which constitute "work time" for the purpose of computing straight and overtime pay. The parties understand that there are no outstanding grievances, arbitrations or administrative claims that assert any of the claims made in this Action.

6.3.3   <u>Recitals.</u>  The hours worked by the Plaintiffs while operating a vehicle and performing driving activities are estimated by SFMTA, and programmed in its computer system. The Plaintiffs bid on runs as specified in the MOU between the SFMTA and the Union. The time worked on the runs is displayed in Range Reports, such that Operators can see and understand their pay status for work performed in connection with their driving responsibilities. The Range Reports reflect a good faith estimate of the amount of work time spent by Operators during their runs.

6.3.4   <u>Claims and Stipulations.</u>

(a)   <u>Start-End Travel Time Claim.</u>  This claim arises from time spent by Operators traveling from their assigned division to a relief point, returning from a relief point to their assigned division, or otherwise traveling between geographically different start and end points. Among other contentions, plaintiffs asserted that the SFMTA required relief Operators to begin their work day by reading the bulletin board, and accordingly, time spent traveling to a relief point after this required activity rendered the travel time compensable. Under the MOU, this time is not compensable; however,

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

SFMTA has agreed to certain compensation under circumstances as defined in the MOU (*see* paragraph 173).

(b) <u>Stipulations</u>. (a) Operators who begin their runs at a relief point are *not* required to read the bulletin board at a division before traveling to a relief point; and (b) Operators are not required to commute to or from work in their personal vehicle; are not required to park at a division; are not required to take public transit to or from a relief location; and are free to travel to or from a relief location by any means chosen by the operator, including by automobile, bicycle, on foot or otherwise. SFMTA will post a General Notice advising/reminding operators and other employees of these facts.

(c) Those Operators who begin their runs from a division shall check the bulletin board daily for *new* General Notices, Division Bulletins and Order Bulletins prior to operating a vehicle. Plaintiffs acknowledge that the current time allotted under the MOU for such activities is a sufficient time to conduct such a review of bulletin board as well as all other activities required to be performed prior to pull-out; provided, however, that the MOU terms are subject to good faith negotiation pursuant to the procedures under the San Francisco Charter and the Meyers-Milias-Brown Act. Operators who begin their runs from a relief location shall check their daily outfit for new General Notices, Division Bulletins and Order Bulletins upon arrival at the terminal point after their first trip of a run. Relief Operators are not required to travel to the division to read the bulletin board. SFMTA will post a General Notice advising operators and other employees of these facts, and shall also include these facts in the next versions of the rulebooks. All parties acknowledge SFMTA's right to change/ modernize its methodologies relating to providing notice to operators.

(d) The record in this case, along with the confirmations and/or actions described in the foregoing paragraphs, fully satisfies SFMTA's legal obligations, if any, concerning Start End Travel Time and SFMTA is compliant with the FLSA, State law and the SFMWO, with respect to this issue. The MOU defines the specific circumstances under which Operators receive any compensation related to travel. (*See* MOU paragraph 173).

6.3.5 <u>Routinely Late Time Claim.</u> Plaintiffs claimed that vehicles routinely arrived later than scheduled at the end point of assigned runs, and that SFMTA overtime procedures were inadequate to ensure that Operators were paid overtime for time incurred "off the clock" as a result of

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

1   such late time. The parties agree that if an Operator is late due to circumstances beyond the operator's

2   control, such that the operator is working more than the time paid pursuant to the applicable range report,

3   the operator must submit an overtime card to report these circumstances and obtain overtime pay.

4          (a)     Stipulations.  SFMTA confirms and the Plaintiffs acknowledge that: (a)

5   overtime cards shall be available at every dispatch window and in the outfits; (b) overtime cards may be

6   taken and turned in by Operators without having to make a request of any dispatcher or any supervisor;

7   (c) overtime should be reported by Operators for any work performed by an Operator during a period of

8   non-paid status; (d)  Supervisors and Dispatchers shall not discourage Operators from submitting

9   overtime cares for work actually performed in an overtime status; and (d) the Operators are responsible

10  for submitting overtime cards promptly for work performed during a period of non-paid status, preferably

11  at the time it is worked, but in any event as soon as is practical.  SFMTA will post a General Notice

12  advising Operators and other employees of these facts, and shall also include these facts in the next

13  versions of the rulebooks.

14         (b)     SFMTA confirms that: (a) Operators may turn in overtime reports/cards by

15  placing them in overtime receptacles located in the yard at each division; and (b) SFMTA retains the

16  right to confirm the accuracy of any overtime claimed, and to reject any unmeritorious or otherwise

17  incorrect overtime requests.  SFMTA will post a General Notice advising Operators and other employees

18  of these facts, and shall also include these facts in the next versions of the rulebooks.

19         (c)     SFMTA shall maintain overtime records for a period of at least three years

20  after overtime is reported.

21         (d)     SFMTA retains the right to change its systems for reporting and recording

22  overtime, and shall notify the Union and Operators with respect to any material change.

23         (e)     The record in this case, along with the confirmation and/or actions

24  described in the foregoing paragraphs, fully satisfies SFMTA's legal obligations, if any, concerning the

25  reporting of overtime, and SFMTA is compliant with the FLSA, State law and the SFMWO with respect

26  to these overtime issues.

27         6.3.6   Turn in Time Claim:  This claim arises from time attending to various activities

28  at the end of a run upon returning to a division, including without limitation, parking the vehicle,

inspecting the vehicle, turning in transfers and other activities.

(a) <u>Stipulations.</u> The time allocation for these activities and associated compensation are specifically and properly covered in the MOU. Except for cable car Operators, under the current MOU between TWU and SFMTA, the time associated with turn-in activities is considered insignificant and non-compensable, as operators no longer have to account for money. If an Operator experiences some unusual condition that requires significant actual work, the operator shall report such time on an overtime card.

(b) For Operators who begin driving at a division, under the rulebooks, Operators conduct the required inspection of the vehicle before beginning operation of the vehicle. Operators also record any new developments during a run. The specifics concerning compensability of inspection time are subject to negotiation between TWU and SFMTA.

(c) SFMTA shall continue to maintain drop off receptacles at each division for Operators to drop off Defect Cards and Unused Transfers at the end of shift. SFMTA shall add receptacles for Overtime Cards in the yard at each division. Nothing in this Agreement shall be construed to preclude SFMTA from modernizing its systems by changing the manner and means of collecting, processing or preserving such information/documents.

(d) The record in this case, along with the confirmations and/or actions described in the foregoing paragraphs, fully satisfies SFMTA's legal obligations, if any, concerning Turn-In Time, and SFMTA is compliant with the FLSA, State law and the SFMWO with respect to these overtime issues.

6.3.7 <u>Savings.</u> As with any agency utilizing an "exception" based payroll system, SFMTA reasonably relies on its employees to report when the estimated work time is insufficient to cover actual work time. Plaintiffs understand and accept their responsibility to report immediately any time necessarily and actually worked that is not paid pursuant to the programmed payroll system.

6.3.8 <u>Credits.</u> In the event of any future claim for wage and hour liability under the FLSA, any damages resulting from verified liability shall be offset by: (a) daily overtime that results in higher overtime than required under the FLSA; (b) premium pay for work performed outside of the regular schedule; (c) premium pay for work performed on holidays; and (d) paid meal or break periods of

thirty minutes or more in duration where the operator is completely relieved of all duties.

6.3.9 <u>State Labor Law.</u> Based on the legal arguments and the record in this case, and for consideration provided herein, the parties stipulate that the Record and any actions taken pursuant to this Agreement demonstrate that SFMTA has met its legal obligations and is compliant with all state laws. All parties agree and acknowledge that Operators are paid in excess of the State minimum wage rate, and that such law does not govern the compensability of work related activities performed by SFMTA Operators.

6.3.10 <u>SF Minimum Wage Ordinance.</u> Based on the legal arguments and the record in this case, and for consideration provided herein, the parties acknowledge that the Ordinance only sets the minimum wage rate, that Operators are paid in excess of the minimum wage rate, and that the Ordinance does not govern the compensability of work related activities performed by SFMTA Operators.

6.3.11 <u>Union-Related Provisions.</u> The parties understand and confirm that there are no outstanding grievances or complaints that overlap in any way with the claims made in the *Stitt* lawsuit.

6.4 <u>Service Payments.</u>

6.4.1 Certain class members' Service Payments (which are in addition to their payment from the Settlement Pool) will, subject to Court approval, be paid by Defendant out of the Maximum Settlement Payment in the amount of no more than: (a) $25,000 each to Darryl Stitt and John Dudley; (b) $10,000 each to Tony Grandberry and Hedy Griffin; (c) $3,000 each to Joseph Sylva, Eugene Elum, Jose Flores, Rhonda Ford, Frank McDowell, and Barry Chamberlain; and (d) $800 to each Operator whose deposition was taken in this action, which Plaintiffs will argue is justified by those individuals' service and assistance to the Class. Because the Service Payments represent payment for service to the Class Members, taxes will not be withheld from the Service Payments. The Claims Administrator will report each Service Payment on an IRS Form 1099 and any other required tax forms, and will provide those forms to the Service Payment recipients and to the pertinent taxing authorities as required by law. The Service Payment recipients assume full responsibility for paying all taxes, federal and state, if any, due as a result of the Service Payment and agree to indemnify Defendant for any such taxes owed by them and any penalties or interest owed by Defendant for the failure to withhold as to this payment. Any amount of the Service Payments that is not awarded by the Court shall be returned to the Settlement Pool.

-14-

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

6.5     Attorneys' Fees and Costs.

      6.5.1     Class Counsel shall apply to the Court for an award of reasonable attorneys' fees of no more than thirty percent (30%) of the Maximum Settlement Amount, plus incurred costs (including, without limitation, Plaintiffs' experts' fees).  Defendant will not oppose Class Counsel's request for Attorneys' Fees and Costs consistent with this Stipulation.

6.6     Claims Administrator.

      6.6.1     All fees and expenses reasonably incurred by the Claims Administrator as a result of the procedures and processes expressly required by this Stipulation (the "Settlement Administration Costs") shall be paid out of the Maximum Settlement Amount.  The Settlement Administration Costs shall include:  all costs of administering the Settlement, including, but not limited to, all tax document preparation, custodial fees, and accounting fees incurred by the Claims Administrator; all costs and fees associated with establishing and maintaining a Qualified Settlement Fund ("QSF"); all costs and fees associated with preparing, issuing and mailing any and all notices and other correspondence to Settlement Class Members and/or Qualified Claimants; all costs and fees associated with communicating with Settlement Class Members, Class Counsel, and Defendant's Counsel; all costs and fees associated with computing, processing, reviewing, and paying the Settlement Payments, and resolving disputed claims; all costs and fees associated with calculating tax withholdings and payroll taxes, making related payment to federal and state tax authorities, and issuing tax forms relating to payments made under the Settlement; all costs and fees associated with preparing any tax returns and any other filings required by any governmental taxing authority or agency; all costs and fees associated with preparing any other notices, reports, or filings to be prepared in the course of administering Settlement Payments; and any other costs and fees incurred and/or charged by the Claims Administrator in connection with the execution of its duties under this Stipulation.

      6.6.2     The actions of the Claims Administrator shall be governed by the terms of this Stipulation and any Orders from the Court and any agreement by counsel of record for the Parties regarding communications with the Settlement Administrator.  Absent any agreement, Defendant and its counsel may communicate with the Claims Administrator without notice and/or copies to opposing counsel.

6.6.3    In the event that either Defendant or Class Counsel take the position that the Claims Administrator is not acting in accordance with the terms of the Stipulation, such party shall meet and confer first with opposing counsel and/or, if necessary, with the Claims Administrator or the Court to attempt to resolve the issue.

6.7    Calculation of Settlement Payments.

6.7.1    The Settlement Pool will be distributed *pro rata* on a paid time status basis for all Eligible Hours Worked of Settlement Class Members, as described in more detail below.

6.7.2    Eligible Hours Worked are the number of hours that each Settlement Class Member worked in paid status in an eligible position category or job title, specifically, Classification 9163, during the Class Period, except that any hours that a Settlement Class Member's only run assignments were Cable Car runs shall be multiplied by 0.1.  The total of all hours worked in paid status by all Settlement Class Members in eligible position categories or job title, calculated in the manner discussed in this section, will be the Total Eligible Hours Worked.

6.7.3    The Settlement Pool will be divided by the Total Eligible Hours Worked to produce a dollar amount that will be the minimum amount to be paid to Settlement Class Members for each Eligible  Hour Worked:  (e.g., Settlement Pool ÷ Total Eligible Hours Worked = Minimum Hours Worked Payout to Settlement Class Members).  The minimum amount that each Settlement Class Member will receive as part of the Settlement ("Minimum Settlement Payment") is determined by multiplying each Settlement Class Member's individual Eligible Hours Worked by the Minimum Hours Worked Payout.

6.7.4    Settlement Class Members will be informed of their anticipated Minimum Settlement Payment as part of the Claim Form distributed pursuant to Section 7.2.2, below.

6.7.5    The Parties recognize that the Settlement Payments to be paid to Class Members reflect settlement of a dispute over claimed wages, interest, penalties, and other alleged damages.  Each Settlement Payment to Settlement Class Members shall be allocated as follows for tax purposes:  unpaid wages – 33.33% of each Settlement Payment; attorneys' fees and interest – 33.33% of each Settlement Payment; and penalties – 33.33% of each Settlement Payment.  The portion of the Settlement Payment attributable to unpaid wages will be subject to regular and/or applicable payroll and income tax

-16-

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

withholdings (for their portion only), and will be reported on an IRS Form W-2. As to those portions of the Settlement Payments reported as non-wage income, the Service Payment recipients, Qualified Claimants and Late Participating Claimants each agree to indemnify and hold harmless Defendant for any taxes due or owing by them with respect to such payments and/or any penalties and interest owed by Defendant for the failure to withhold with respect to such payments. In the event that an individual Settlement Class Member's payment reported as non-wage income exceeds $600 (or such other amount as the IRS may establish as a threshold for Form 1099 reporting), such amount will be reported on an IRS Form 1099. The Claims Administrator shall make appropriate tax withholdings from the portion of each Settlement Payment designated as unpaid wages, and shall pay the employer portion of the taxes and withholdings with funds from the Maximum Settlement Payment. Settlement Class Members will be responsible for paying all other taxes due on their Settlement Payments. Other than as set forth above, the Claims Administrator will not make any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments to the extent permitted by law, or charity withholdings, from or with respect to the payments to Settlement Class Members, and entry of the Order of Final Approval by the Court shall be deemed authority not to make any such deductions, withholdings, or additional payments.

6.7.6    Neither the Settlement nor any amounts paid under the Settlement will modify any previously credited hours or service under any employee benefit plan, policy, or bonus program sponsored by Defendant. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendant's sponsored benefit plans, policies, or bonus programs. The payments made under the terms of this Stipulation shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of Defendant's benefit plans, policies, or bonus programs. Defendant retains the right to modify the language of its benefit plans, policies and bonus programs to effectuate this intent, and to make clear that any amounts paid pursuant to this Settlement are not for "hours worked," "hours paid," "hours of service," or any similar measuring term as defined by applicable plans, policies and bonus

-17-

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE - Case No. 12-cv-03704-YGR

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

programs for purposes of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Stipulation of Settlement.

6.8 <u>Releases.</u>

6.8.1 Upon Final Approval, the Qualified Claimants, Late Participating Claimants, and each Class Representative shall be deemed to have fully, finally, and forever released Defendant, including SFMTA, and each of its divisions, affiliates, predecessors, successors and assigns, and each of such entities' directors, board members, officers, employees, principals, attorneys, agents and personal or legal representatives ("Released Parties"), from all of the Released Claims through the date on which Opt-Out Requests must be filed with the Court. The Parties further stipulate that following a Final Approval Hearing and entry of Judgment, the Parties, including all Settlement Class Members, shall be bound by the Judgment and barred and collaterally estopped from subsequent litigation of all issues which were or could have been raised in the Action, including all issues set forth in Section 6.3 above, as described further in Section 6.8.2, below.

6.8.2 With respect to the Released Claims only, and subject to Section 6.8.1, above, each Settlement Class Member shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits he/she may otherwise have had pursuant to Section 1542 of the California Civil Code, which provides as follows:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.*

6.8.3 The Parties intend that this Stipulation of Settlement preclude future litigation by any Settlement Class Member over the Released Claims, including any claims for unpaid wages and overtime made in connection with the conduct described in Section 6.3 above (the "Stipulations"). The Parties intend that the Stipulations resolve once and for all claims for unpaid wages and overtime made in this case and that may be made in the future based on the conduct described in these Stipulations. The factual and legal issues described in the Stipulations have been actually litigated by the Parties and are necessary to the outcome of the case, and litigation of these factual and legal issues has resulted in a final judgment on the merits in the form of a stipulated judgment, and the factual and legal issues as

-18-

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

determined in the Stipulations are binding on any and all Settlement Class Members in any future litigation or other legal claims. It is conclusively agreed and adjudged that, based on the conduct set forth in the Stipulations, SFMTA complies with all wage and hour laws, including but not limited to the FLSA, state and local laws, and that none of the Settlement Class Members will seek to impose any liability on, or obtain any relief from, SFMTA or any other Released Parties in the future in connection with the Released Claims.

6.8.4    This Stipulation of Settlement may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted with respect to any of the Released Claims and may be filed, offered and received into evidence and otherwise used by Defendant for such defense and/or in support of injunctive relief against any such action, suit or other proceeding.

6.8.5    The above releases shall take effect unconditionally upon the Effective Date.

## 7.    NOTICE TO CLASS AND CLAIM PROCEDURE

7.1    Preliminary Approval.

7.1.1    Class Counsel and Defendant's Counsel shall jointly submit to the Court this Joint Stipulation of Class Action Settlement and Release and exhibits thereto for preliminary approval by the Court. Class Counsel will prepare and file the Preliminary Approval papers for the Court, subject to Defendant's prior review and approval. The Court's preliminary approval of this Settlement shall be embodied in an Order preliminarily approving the Settlement and providing for Settlement Documents to be mailed to the Class in the format attached hereto as Exhibits 1 and 2, and which will also set the date for the final approval hearing.

7.2    Notice.

7.2.1    No later than twenty (30) days after the Court issues the Preliminary Approval Order, Defendant shall provide to the Claims Administrator in electronic form, a list of each Class Member, including each person's name, last known address, social security number, employment status (current or former) and number of Eligible Hours Worked ("Database"). The Database shall be based on Defendant's personnel, payroll, and/or other business records and provided in a format acceptable to the Claims Administrator. Defendant agrees to consult with the Claims Administrator prior to the production

date to ensure that the format will be acceptable to the Claims Administrator. The Claims Administrator shall maintain the Database, and all data contained within the Database, as private and confidential and shall not disclose such data to any persons or entities other than counsel for Defendant, unless otherwise required by law. The Claims Administrator shall not share or disclose any of the information contained in the Database with Class Counsel. Upon production of the Database, Defendant will verify that to the best of its knowledge the database is complete and accurate and provides all of the information required pursuant to this Agreement and any applicable court orders. The information in the Database is being supplied solely for purposes of the administration of the settlement and hence cannot be used by the Claims Administrator for any purpose other than to administer the Settlement. Upon receipt of the Database, the Claims Administrator shall check with the U.S. Postal Service National Change of Address Database and update any addresses with any new information found regarding the location of Settlement Class Members. Twenty-five (25) days after the Claims Administrator mails the Notice of Settlement, the Claim's Administrator shall run a "skip-trace" of the Settlement Class Members listed as former employees in the Database who have not, at that point, returned a Claim Form or otherwise contacted the Claims Administrator. The Claims Administrator will update the Database with all new contact information found pursuant to its obligations in this paragraph.

        7.2.2      Within thirty (30) calendar days of the Preliminary Approval Date, the Claims Administrator will send via United States first class mail the Notice of Settlement and Claim Form to the Settlement Class Members, and the Claim Form shall include the estimated Minimum Settlement Payment, as calculated under Section 6.7.3 that a Qualified Claimant would be eligible to receive. The Notice of Settlement shall advise Settlement Class Members of their options, which include: filing a timely and correctly completed Claim Form, which will entitle them to a settlement amount equal to or in excess of the Minimum Settlement Payment, and will result in them releasing all Released Claims; filing an Opt-Out Request; filing an objection to the Settlement; or taking no action. The Notice of Settlement shall also advise Settlement Class Members that if, by the end of the Claims Period Deadline, they do not submit a Claim Form or an Opt-Out Request (in the manner and within the time periods specified herein), they will be sent a check, and they may participate in the settlement as a Late Participating Claimant by endorsing that check.

7.2.3    If any Settlement Documents are returned to the Claims Administrator as undeliverable, the Claims Administrator shall run a skip-trace using that Settlement Class Member's social security number in an effort to attempt to ascertain the current address of the Settlement Class Member.  If such an address(es) is ascertained, the Claims Administrator shall re-mail the Settlement Documents within ten (10) calendar days.  If alternative addresses are obtained for a Settlement Class Member, the Claims Administrator shall send the Notice of Settlement and Claim Form to up to three (3) alternative addresses.

7.2.4    In order to claim his/her maximum share of the Settlement Pool, a Settlement Class Member must submit to the Claims Administrator an executed Claim Form that is postmarked within sixty (60) calendar days from the initial mailing of the Settlement Documents ("the Claims Period Deadline").  The Claim Form will also serve as each Settlement Class Member's written consent to become a party plaintiff pursuant to Section 216(b) of the FLSA, if such consent has not previously been filed.  Except as provided herein, no Claim Forms will be honored if postmarked after the Claims Period Deadline.  If a Claim Form is timely post-marked but is incomplete or otherwise deficient, the Claims Administrator will send the Settlement Class Member a notice of deficiency, and the Settlement Class Member will have twenty (20) calendar days following the mailing of the notice of deficiency to cure the deficiency.  If a Claim Form is post-marked after the Claims Period Deadline, Defendant shall have the option to determine, in its sole and absolute discretion, whether or not to accept the Claim Form.  If a late submitted Claim Form is accepted by Defendant, it shall be considered the same as if it had been timely submitted.

7.2.5    Settlement Class Members, except for the Class Representatives, will have forty-five (45) calendar days from the date on which the Settlement Documents are mailed within which to opt-out of the Settlement.  Settlement Class Members who wish to exercise this option must timely submit a signed and dated written request to be excluded from the Settlement to the Claims Administrator ("Opt-Out Request").  The Opt-Out Request must be postmarked on or before forty-five (45) calendar days from the date of mailing of the Settlement Documents.  Class Members who do not timely submit an executed Opt-Out Request shall be deemed part of the Settlement Class and bound by the Settlement.  Class Members who timely submit an executed Opt-Out Request shall have no further

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

role in the Action, and for all purposes they shall be regarded as if they never were a party to this Action or a Settlement Class Member, and thus they shall not be entitled to any payment as a result of this Settlement and shall not be entitled to or permitted to assert any objection to the Settlement. The Notice of Settlement shall advise Settlement Class Members of their ability to opt-out of the Settlement and of the consequences thereof. Neither the Parties nor any of their counsel will urge or solicit any Settlement Class Member to submit an Opt-Out Request.

       7.2.6     Settlement Class Members who timely submit both an Opt-Out Request and a Claim Form shall be sent a letter by the Claims Administrator requesting clarification of the Settlement Class Member's intent. The letter will state that, unless the Settlement Class Member clarifies within seven (7) calendar days that he or she intends to opt-out, the Settlement Class Member will be deemed to be a Qualified Claimant and his or her Opt-Out Request will be deemed null and void.

       7.2.7     Settlement Class Members, except for the Class Representatives, will have thirty (30) calendar days from the date of mailing the Settlement Documents within which to file an objection to the Settlement. Only Settlement Class Members who have not filed an Opt-Out Request may object to the Settlement. To object, a Settlement Class Member must file a written objection and a notice of intention to appear at the Final Approval Hearing, send copies to the Parties' Counsel as set forth in the Notice of Settlement, and appear at the Final Approval Hearing. The Parties and their counsel agree that they will not urge or solicit any individual to object to the Settlement.

       7.2.8     A Settlement Class Member may challenge his or her Settlement Payment solely by writing on the Claim Form the number of Eligible Hours Worked he or she contends to have worked for Defendant during the Class Period, and submitting any accompanying supporting documentation or other evidence. The number of Eligible Hours Worked determined by Defendant shall be rebuttably presumed to be correct and Defendant's records shall be rebuttably presumed correct for purposes of determining whether a claimant is a Settlement Class Member. If the Settlement Class Member does not provide any documents or other evidence, the challenge may be rejected by the Claims Administrator. All other challenges will be resolved at the exclusive discretion and authority of the Claims Administrator after seeking input from counsel for Defendant. The Claims Administrator's decision shall be binding and non-appealable by Plaintiffs, Defendant, or the Settlement Class Member.

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

Defendant will promptly provide any information or documents reasonably requested by the Claims Administrator to make its determination.

      7.2.9    Beginning fourteen (14) days after the date on which the Settlement Documents are mailed, the Claims Administrator shall provide to Class Counsel and Defense Counsel a weekly status report that will be cumulative, reflecting the number of Settlement Class Members who have filed each of the following: completed Claim Forms, incomplete Claim Forms, untimely Claim Forms, Claim Forms returned as undeliverable, and Opt-Out Requests.

      7.2.10   If three percent (3%) or more of the total number of Settlement Class Members submit timely and valid Opt-Out Requests, then Defendant shall have the option, in its sole and exclusive discretion, to void the Settlement. To exercise this option, Defendant must send written notification to Class Counsel within ten (10) business days of receiving a report from the Claims Administrator following the Claims Period Deadline of the total number of timely and valid Opt-Out Requests. If Defendant chooses to exercise this option, the effect will be precisely the same as if Final Approval did not occur, as discussed herein.

    7.3   <u>Final Approval.</u>

      7.3.1    Prior to the Final Approval Hearing, Plaintiffs will move the Court for entry of the Order of Final Approval (and associated entry of Judgment): (a) finding the Settlement fair, reasonable, adequate, and in the best interests of the Settlement Class Members, (b) approving Class Counsel's application for an award of attorneys' fees and costs, (c) approving the application for Service Payments, (d) approving the payment of reasonable Settlement Administration Costs, and (e) dismissing the Action and releasing and barring any further Released Claims by Settlement Class Members who do not opt-out of the Settlement. The Parties and their respective counsel shall make all reasonable efforts to secure entry of the Order of Final Approval. The proposed Order of Final Approval (and the associated proposed Judgment) shall be filed with the Court with the motion for Final Approval, or as otherwise directed by the Court.

      7.3.2    Prior to the Final Approval Hearing, concurrent with or prior to the motion for final approval, Class Counsel shall file a motion seeking approval of attorneys' fees and costs and the proposed Service Payments as set forth in this Stipulation. Class Representatives and Class Counsel

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

agree that they shall be responsible for justifying to the Court the amounts of the Service Payments, and the attorneys' fees and costs, and they agree to submit, as appropriate, the necessary materials to justify these payments. Defendant will not oppose the amounts of the Service Payments and/or the attorneys' fees and costs, as long as they are consistent with this Stipulation. If the Court (or any appellate court) awards less than the amount requested for attorneys' fees and/or costs, or less than the amount requested for the Service Payments as set forth in Sections 6.4 and 6.5, only the awarded amounts shall be paid and shall constitute satisfaction of the obligations of Defendant under this Stipulation. Any un-awarded attorneys' fees and/or costs and/or Service Payments shall revert to the Settlement Pool.

7.3.3    Defendant shall have the sole right to void and withdraw from this Agreement if at any time prior to the Final Approval Date: (a) three percent (3%) or more of all Settlement Class Members opt out of the Settlement, as provided in Section 7.2.10, above; or (b) the Settlement is construed in such a fashion that Defendant would be required to pay more than the Maximum Settlement Amount; or (c) the Court makes an order inconsistent with any of the material terms (as determined by Defendant) of this Agreement; or (d) any pending litigation or litigation filed prior to the Final Approval Date in any way prevents this Agreement from resolving all claims identified in the Released Claims, as defined herein; or (e) Plaintiffs or Class Counsel breaches this Agreement.

7.3.4    If an appeal results in an order materially modifying, setting aside, or vacating any portion of the Stipulation, with the exception of any modification of the amount of attorneys' fees or costs to be paid to Class Counsel, or the amount of the Service Payment paid to the Class Representatives, each Party adversely impacted by the order shall have the absolute right, at its sole discretion, to treat such order as an event permanently preventing Final Approval. To exercise this right, the Party must inform the other Party and the Claims Administrator, in writing, of the exercise of this right, within ten (10) business days of receiving notice of any order modifying, setting aside, or vacating any such portion of the Stipulation. Before either Party elects to exercise its right to treat such order as an event permanently preventing Final Approval, that Party must meet and confer in good faith with the other Party to determine if an agreement can be reached modifying this Settlement to the mutual satisfaction of the Parties.

7.3.5   If the Final Approval or Final Judgment does not occur, or if this Stipulation is terminated or canceled pursuant to its terms, the Parties to this Stipulation shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of this Stipulation and this Stipulation shall be deemed void *ab initio*.  In such an event, if this Stipulation is not approved by the Court substantially in the form agreed to by the Parties, or if the Settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the Final Approval Date does not occur, this Stipulation (except for those provisions relating to non-admission, denial of liability set forth herein, and the confidentiality agreements entered into by the Parties) shall be deemed null and void, its terms and provisions shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. Notwithstanding any other provision of this Stipulation, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be paid by Defendant to Class Counsel, or reducing the amount of any Service Payment paid to the Class Representatives, shall constitute grounds for cancellation or termination of the Stipulation, or grounds for limiting any other provision of the Judgment.

7.4   <u>Funding and Distribution of the Settlement Proceeds.</u>

7.4.1   Within twenty (20) business days after the Effective Date, Defendant shall pay the Maximum Settlement Amount into the Claims Administrator-established interest-bearing account at a federally insured banking institution.[1]

7.4.2   Within thirty (30) business days of the Effective Date, the Claims Administrator shall issue Settlement Payments to Qualified Claimants in the form of a check.

---

[1]   In the event of any appeal of attorneys' fees, costs, or the Final Judgment, the Claims Administrator shall ensure that the monies in the QSF are in an interest bearing account.  Any settlement, attorneys' fees, or costs payments made thereafter to Qualified Claimants or Class Counsel will include the pro-rated interest earned from the date of the notice of appeal until 30 days prior to the settlement payment.

7.4.3     Within thirty (30) business days of the Effective Date, the Claims Administrator shall also issue Settlement Payments to Late Participating Claimants in the form of a check.  The checks issued to Late Participating Claimants will include language reflecting that by endorsing the check, the individual is consenting to join the Action and electing to participate in the Settlement, as well as an explicit release of claims consistent with the terms of the "Released Claims" defined in Section 2.10 above.  The release language on the check shall be the same or substantially similar to the following: "By endorsing this check, I consent to join the Settlement Class in *Stitt et al. v. The San Francisco Municipal Transportation Agency*, elect to participate in the Settlement, and agree to release all of the Released Claims covered by the Settlement."

7.4.4     After one hundred eighty (180) days of issuance, funds from undeposited checks will be held by the Claims Administrator; if the Settlement Class Member to whom the undeposited check is issued does not contact the Claims Administrator concerning his or her settlement payment within one-hundred eighty (180) days of issuance, the Stipulation of Settlement, including its release, will be binding on that Settlement Class Member, and the amount of that Settlement Class Member's settlement payment shall revert to an Interim Pool maintained by the Claims Administrator.   Within thirty (30) days thereafter, the Claims Administrator shall divide the Interim Pool among those Settlement Class Members who timely deposited their settlement checks, dividing the Interim Pool among those individuals using the *pro rata* methodology described in Sections 6.7.2 and 6.7.3, and issue a second round of checks from the funds that reverted to the Interim Pool.  Within ninety (90) days after issuance of the checks from the Interim Pool, should any checks be undeposited, and if the Settlement Class Member to whom the undeposited check is issued does not contact the Claims Administrator concerning his or her second settlement payment, the amount of that Settlement Class Member's second check will revert to defendant SFMTA.

7.4.5     Within thirty (30) business days of the Effective Date, the Claims Administrator shall pay the Court-approved Attorneys' Fees and Costs to Class Counsel or a trust account designated by Class Counsel.  Class Counsel shall provide to the Claims Administrator, with a copy to Defendant, the pertinent taxpayer identification number and IRS Form W-9 within ten (10) days after the Final Approval Date.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7.4.6    Within thirty (30) business days of the Effective Date, the Claims Administrator shall send a check by mail for the Court-approved Service Payments to the Service Payment recipients.

7.4.7    Upon the Final Approval Date, the Released Claims in the Action will be dismissed with prejudice on a class-wide basis.

**8.    MISCELLANEOUS PROVISIONS**

8.1    Neither the acceptance nor the performance by Defendant of the terms of this Stipulation, nor any of the related negotiations or proceedings, is or shall be claimed to be, construed as, or deemed to be, an admission by Defendant of the truth of any of the allegations in the operative Complaint, the representative character of the Action, the validity of any of the claims that were or could have been asserted by Plaintiffs and/or Settlement Class Members in the Action, or of any liability or guilt of Defendant in the Action.  Nothing in this Stipulation shall be construed to be or deemed an admission by Defendant of any liability, culpability, negligence, or wrongdoing toward Plaintiffs, the Settlement Class Members, or any other person, and Defendant specifically disclaims any liability, culpability, negligence, or wrongdoing toward Plaintiff, the Settlement Class Members, and any other person.  Each of the Parties has entered into this Stipulation with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies.

8.2    The Parties agree to cooperate fully with one another to accomplish and implement the terms of this Settlement.  Such cooperation shall include, but not be limited to, execution of such other documents and the taking of such other action as may reasonably be necessary to fulfill the terms of this Settlement.  The Parties to this Settlement shall exercise reasonable efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by Court order, or otherwise, to effectuate this Settlement and the terms set forth herein.  If any part of this Agreement is declared unenforceable or invalid, the remainder will continue to be valid and enforceable.

8.3    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States certified mail, return receipt requested, addressed as follows:

To the Class Counsel:

Steven G. Tidrick
Joel B. Young
The Tidrick Law Firm
2039 Shattuck Ave., Ste. 308
Berkeley, California 94704

To Defendant:

Arthur A. Hartinger
Linda M. Ross
Kevin P. McLaughlin
Renne Sloan Holtzman Sakai LLP
1220 7th Street, 3rd Floor
Berkeley, California 94710

8.4    The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties and that this Stipulation shall not be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of this Stipulation. This Stipulation represents the final, complete and entire agreement among the parties. Any communications during the negotiation of this Stipulation, including drafts of the Stipulation, are superseded by this Stipulation and are of no effect. No prior negotiations, or drafts of any settlement language, may be used in interpreting this Stipulation.

8.5    Plaintiffs, Class Counsel and all attorneys associated with Class Counsel agree that they will not issue any press releases, initiate any contact with the press, provide any information to the press, or otherwise publicize or cause to be publicized this case, this settlement, or the facts leading up to the case or settlement, and represent that they have not done so prior to signing this Agreement. Any communication about the Settlement to Class Members other than Plaintiffs prior to the Court-approved mailing will be limited to a statement that a settlement has been reached and the details will be communicated in a forthcoming Court-approved Notice of Settlement. If the Court grants preliminary approval of this Agreement, Class Counsel may post this Agreement on their website and certain non-promotional information regarding this matter, if required and as approved by the Court.

8.6    The Class Representatives shall refrain from making any disparaging oral or written statements concerning Defendant. The Class Representatives shall also refrain from taking any action, directly or indirectly, which they know or reasonably should know to be disparaging concerning Defendant. The Class Representatives promise in this subparagraph includes any statements made to the media. Plaintiffs' promises in this subsection, however, shall not apply to any judicial or administrative proceeding in which Plaintiffs are a party or have been subpoenaed to testify under oath by a government agency or by any third party.

-28-

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

8.7    The Class Representatives, by signing this Stipulation, are bound by the terms herein and further agree not to request to be excluded from the Settlement and not to object to any terms of this Stipulation. Any such request for exclusion or objection shall therefore be void and of no force or effect. Defendant, Class Counsel, and the Class Representatives waive their rights to file an appeal, writ, or any challenge whatsoever to the terms of this Stipulation.

8.8    Neither Class Counsel nor any other attorneys acting for, or purporting to act for, the Class, Settlement Class Members, or Plaintiffs, may recover or seek to recover any amounts for fees, costs, or disbursements from Defendant except as expressly provided herein.

8.9    This Stipulation may not be changed, altered, or modified, except in writing signed by the Parties hereto and approved by the Court. This Stipulation may not be discharged except by performance in accordance with its terms or by a writing used by the Parties hereto.

8.10    This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

8.11    Because the members of the proposed Class are numerous, the Parties agree that it is impossible or impractical to have each Settlement Class Member sign this Stipulation. It is agreed therefore, that for purposes of seeking approval of the Class Settlement, this Stipulation of Settlement may be executed on behalf of the proposed Class by Class Counsel and the Class Representatives.

8.12    This Stipulation shall become effective upon its execution by all of the undersigned. The Settling Parties may execute this Stipulation in counterparts, and execution of counterparts shall have the same force and effect as if all Settling Parties had signed the same instrument.

8.13    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation. Any action to enforce this Stipulation shall be commenced and maintained only in the Court.

8.14    Paragraph titles or captions contained in this Stipulation are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation, or any provision thereof.

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

1    IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the Parties and their duly

2    authorized attorneys, as of the day and year herein set forth.

3

4    Dated: December ___, 2016                    _____
                                                  DARRYL STITT, Plaintiff
5

6

7    Dated: December ___, 2016                    _____
                                                  TONY GRANDBERRY, Plaintiff
8

9

10   Dated: December ___, 2016                    _____
                                                  HEDY GRIFFIN, Plaintiff
11

12   Dated: December ___, 2016                    SAN FRANCISCO MUNICIPAL
                                                  TRANSPORTATION AGENCY; CITY AND
13                                                COUNTY OF SAN FRANCISCO

14

15                                                By: _____
                                                     ED REISKIN
16                                                   General Manager

17

18   Dated: December ___, 2016                    RENNE SLOAN HOLTZMAN SAKAI LLP

19

20                                                By: _____
                                                     LINDA M. ROSS
21

22                                                Attorneys for Defendant
                                                  CITY AND COUNTY OF SAN FRANCISCO
23

24

25

26

27

28

IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the Parties and their duly authorized attorneys, as of the day and year herein set forth.

Dated: December 16, 2016

DARRYL STITT, Plaintiff

Dated: December 16, 2016

TONY GRANDBERRY, Plaintiff

Dated: December 16, 2016

HEDY GRIFFIN, Plaintiff

Dated: December ___, 2016

SAN FRANCISCO MUNICIPAL
TRANSPORTATION AGENCY; CITY AND
COUNTY OF SAN FRANCISCO

By: _____
    ED REISKIN
    General Manager

Dated: December ___, 2016

RENNE SLOAN HOLTZMAN SAKAI LLP

By: _____
    LINDA M. ROSS

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

-30-

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

1       IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the Parties and their duly

2   authorized attorneys, as of the day and year herein set forth.

3

4   Dated: December ___, 2016                          _____
                                                        DARRYL STITT, Plaintiff

5

6

7   Dated: December ___, 2016                          _____
                                                        TONY GRANDBERRY, Plaintiff

8

9

10  Dated: December ___, 2016                          _____
                                                        HEDY GRIFFIN, Plaintiff

11

12  Dated: December ___, 2016                          SAN FRANCISCO MUNICIPAL
                                                        TRANSPORTATION AGENCY; CITY AND

13                                                      COUNTY OF SAN FRANCISCO

14

15                                                      By: _____
                                                        ED REISKIN

16                                                      General Manager

17

18  Dated: December 16, 2016                           RENNE SLOAN HOLTZMAN SAKAI LLP

19

20                                                      By: _____
                                                        LINDA M. ROSS

21

22                                                      Attorneys for Defendant
                                                        CITY AND COUNTY OF SAN FRANCISCO

23

24

25

26

27

28

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

Exhibit 1

<<Class Member Name>>
<<Street Address>>
<<City, State Zip>>

**IMPORTANT NOTIFICATION TO CLASS MEMBERS**
**REGARDING YOUR RIGHT TO RECEIVE SETTLEMENT MONEY**

**This Notice Involves Your Legal Rights. This Notice Is Not A Communication From The Court And It Is Not An Expression Of Any Opinion By The Court As To The Merits Of The Claims Or Defenses By Either Side In The Lawsuit.  Please Do Not Contact The Court About This Matter.**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA - NOTICE OF CLASS ACTION SETTLEMENT**
*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**If you worked for the San Francisco Municipal Transportation Authority ("SFMTA") as a bus or train operator (Civil Service Classification 9163), whether full-time or part-time, at any time from July 16, 2009 through November 1, 2016 (the "Class Period"), this Notice describes your rights and potential benefits from a class action settlement.**

**Why did I get this Notice?**  You received this Notice because a proposed settlement of a class action lawsuit filed against San Francisco Municipal Transportation Authority and the City and County of San Francisco by several hourly employees ("Plaintiffs") has been reached in the United States District Court for the Northern District of California (*Stitt, et. al. v. San Francisco Municipal Transportation Agency, et al.*, United States District Court for the Northern District of California, Case No. 12-CV-3704 YGR) ("the Settlement").

This Notice summarizes the Settlement. For the precise terms and conditions of the Settlement, please see the Settlement, which is titled "Joint Stipulation of Class Action Settlement and Release," available online at www.tidrick.com/SFMTA-Settlement, by contacting Class Counsel (whose contact information is at the end of this Notice), by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays at the following address: Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

You may be in the Settlement Class because SFMTA's records indicate you were employed by SFMTA as an Operator at some time during the Class Period. A person who does not exclude himself or herself is a "Settlement Class Member." The Court authorized this Notice because you have a right to know about the Settlement and your options before the Court decides whether to approve the Settlement. Because

your rights will be affected by the Settlement, it is extremely important that you read this Notice.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | To claim your share of the Settlement, you must complete, sign, and date the Claim Form that is enclosed with this notice, and submit it to the Settlement Administrator postmarked by **[INSERT DATE sixty (60) calendar days AFTER MAILING OF NOTICE]**. You will be sent a settlement check in approximately the amount identified below (see "Estimated Settlement Payment") if and when the Court approves the Settlement and any and all appeals have been exhausted. You will release all claims brought in the Lawsuit or that could have been pleaded based upon the factual allegations set forth in the Lawsuit. |
| **DO NOTHING** | If you do nothing, you will remain a part of the case. If and when the Court approves the Settlement and any and all appeals have been exhausted, you will receive a settlement payment in approximately the amount identified below (see "Estimated Settlement Payment"), and you may participate as a Late Participating Claimant by endorsing that check. If you have not already opted in to become a member of the FLSA class, you will be opting in to become a member when you endorse the check. If you endorse the check, you will release all claims brought in the Lawsuit or that could have been pleaded based upon the factual allegations set forth in the Lawsuit. Because the entire Settlement Fund is allocated to FLSA claims, if you do not endorse your check, you will not be entitled to any payment from the Fund. |
| **EXCLUDE YOURSELF** | You may exclude yourself from the Settlement by submitting a letter in accordance with the directions in this notice. This is the only option that could allow you to bring your own state law lawsuit or claim, or to be a part of another lawsuit against SFMTA for the same or similar state law claims brought in this lawsuit, for example, claims for unpaid wages and for failure to provide rest breaks. |
| **OBJECT** | You may object to the Settlement by writing to the Court and explaining why you disapprove of the Settlement. If you exclude yourself from the Settlement, you may not object. If you object in writing, you may also ask to speak in Court about the fairness of the Settlement at the Final Fairness Hearing. If you file an objection, you may only appear in Court to speak about the fairness of the Settlement if you file a timely written objection to the Settlement, you indicate your intent to speak at the hearing, AND you do not exclude yourself from the Settlement. |

**What is this lawsuit about?** Several current and former operators for SFMTA brought this lawsuit alleging that SFMTA failed to pay its operators for all work time including minimum wages and overtime. SFMTA strenuously disputes the allegations, but has agreed to settle the lawsuit in order to avoid the burden, expense, inconvenience, and uncertainty of continued litigation.

**What are the terms of the Settlement?**  To settle the lawsuit, SFMTA has agreed to pay a Maximum Settlement Amount of Eight Million Dollars ($8,000,000.00) into a fund (the "Qualified Settlement Fund"), which will cover: (1) payments to eligible persons in the Settlement Class including all interest, employee-side withholding taxes (such as FICA and FUTA) on all settlement amounts paid out as wages, and employer-side taxes; (2) Class Counsel's attorneys' fees in an amount not to exceed thirty percent (30%) of the Maximum Settlement Amount, if approved by the Court; (3) Class Counsel's reasonable litigation expenses, if approved by the Court; (4) services payments, if approved by the Court, not to exceed $800 each to each operator whose deposition was taken in the case (approximately 45 persons), $3,000 each to six class members, $10,000 each to two class representatives, and $25,000 each to one other class representative and another class member, for their service and assistance to the Class; and (5) the costs of administering the Settlement, payable to the Settlement Administrator, [insert name of Settlement Administrator], if approved by the Court.

**Payments**.  If you are a Settlement Class Member, you are eligible to receive a payment that will be calculated based on the number of hours in paid status you worked for SFMTA as an Operator that SFMTA's records indicate you worked during the Class Period, except that any hours that a Settlement Class Member's only run assignments were Cable Car runs shall be multiplied by 0.1, which reflects that fact that the lawsuit makes no claim for Start-End Travel Time or for Turn-In Time for Cable Car runs. The amount you are eligible to receive is set forth below ("Estimated Settlement Payment.")

**How much is my settlement payment?**  Under the settlement allocation formula, based on ___ hours worked during the Class Period, of which ____ were for Cable Car run assignments, you are entitled to receive approximately the following amount:

**Estimated Settlement Payment**: $_____

In addition to the above amount, if you timely deposit or cash your check (in other words, within one hundred eighty (180) days of issuance of the check) and if one or more settlement class members other than yourself do not timely deposit or cash their checks, then approximately seven (7) months after you receive your first check, you will also be mailed a second check for a portion of the value of unclaimed funds, which you will have up to ninety (90) days to deposit or cash.

The amounts above will be reduced for any requested or required withholdings, including state and federal taxes, income withholding orders, garnishments, or levies.  One-third of the above payment will be reported as unpaid wages and reported on a W-2.  Two-thirds of the above payments will be treated as non-wage remuneration and, if required, will be reported on a Form 1099. Neither Class Counsel nor SFMTA make any representations concerning the tax consequences of the Settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

**Who is included in the Settlement?** To be a Settlement Class Member, you must have been employed by SFMTA as a 9163 Operator during the Class Period.

If you are still not sure whether you are included, you can call the Settlement Administrator at [INSERT PHONE] to ask for free help.

## HOW YOU GET A PAYMENT

**How do I get my payment?** In order to claim your share of the Settlement, you must complete, sign, and date the Claim Form that is enclosed with this notice, and submit it to the Settlement Administrator Form postmarked by [INSERT DATE sixty (60) calendar days AFTER MAILING OF NOTICE]. You will be sent a settlement check if and when the Court approves the Settlement and after any and all appeals have been exhausted. If you do nothing, you will still be sent a check, and you may participate as a Late Participating Claimant by endorsing that check.

**When will I get my payment?** The Court will hold a hearing on [Date of Final Approval hearing, at time a.m/p.m.] to determine whether to approve the Settlement. There may be appeals that could delay the process. It is always uncertain whether appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**How do I exclude myself?** If you don't want to be a Settlement Class Member, you must exclude yourself from the Settlement. To exclude yourself from the Settlement, you must send a letter by mail that includes the words: "I understand my rights and request to be excluded from the SFMTA Settlement." You must sign the letter and include your full name, address, Social Security Number, and telephone number(s). Your letter must be **postmarked no later than [insert date forty-five (45) calendar days after the mailing of notice]** and sent to the Settlement Administrator at the following address:

SFMTA Settlement<br>
Name of Settlement Administrator<br>
Address<br>
City, State Zip

If you properly request to be excluded, you will not be releasing any state law claims and you will not be allowed to object to the Settlement.

## THE LAWYERS REPRESENTING YOU

**Do I have a lawyer in this case?** The Court has decided that the lawyers at the law firm of The Tidrick Law Firm are qualified to represent you and all Class Members. This law firm and its lawyers are called "Class Counsel."

**How will Class Counsel be paid?** Class Counsel have pursued the lawsuit on a contingent fee basis and have not received any payment of fees or any reimbursement of their out-of pocket expenses related to the recovery on behalf of the Class. As part of the settlement, subject to Court approval, Class Counsel will ask the Court to approve payment of no more than thirty percent (30%) of the Settlement Amount for attorneys' fees. These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel will also seek reimbursement of its reasonable litigation expenses, which are subject to Court approval. The Court may award less than these amounts.

## CLASS COUNSEL RECOMMEND THE SETTLEMENT

The settlement amount was proposed by a federal magistrate judge acting as a mediator. Class Counsel (the attorneys who were appointed by the Court to represent the certified class of Operators) strongly recommend that you accept the Settlement. The claims alleged are novel and highly technical. In light of the substantial risk that you might receive less, or might receive nothing at all, if the case proceeds to trial, Class Counsel believe that the Settlement is in your best interests and is a reasonable compromise of disputed claims.

## OBJECTING TO THE SETTLEMENT

**How do I object to the Settlement?** If you are a Settlement Class Member, you may object to the Settlement in writing. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter by mail that includes the words: "I object to the SFMTA Settlement." as well as all reasons for the objection. You must sign the letter and include your full name, address, Social Security Number, and telephone number(s). You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must clearly identify the case name and number (*Stitt, et. al. v. San Francisco Municipal Transportation Authority*, United States District Court for the Northern District of California, Case No. 12-CV-3704 YGR), must be postmarked no later than **[insert date forty-five (45) calendar days after the mailing of notice]**, and must be submitted to the Settlement Administrator at the following address:

SFMTA Settlement Objections
Name of Settlement Administrator
Address
City, State Zip

**What is the difference between objecting and excluding?** Objecting is simply telling the Court that you disapprove of something about the Settlement. You can object only if you stay in the Settlement Class. If you exclude yourself from the Settlement Class, you may not object. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

**What is the Fairness Hearing?** The Court will hold a Fairness Hearing to decide whether to approve the Settlement. If you wish, you may attend and you may ask to speak. If you wish to bring anything to the Court's attention about the Settlement, you should provide it in writing in your letter to the Settlement Administrator objecting to the Settlement. The Settlement Administrator will provide your letter to the Court before the Fairness Hearing.

**When and where will the Court decide whether to approve the Settlement?** The Court will hold a Fairness Hearing on [DATE], 2016, at [TIME a.m./p.m.], at the United States District Court for the Northern District of California, Oakland Courthouse, 4th Floor, 1301 Clay Street, Oakland, California , in Courtroom 1.

At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may also decide how much to pay Class Counsel. The Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**Do I have to come to the hearing?** No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you submitted a timely, valid written objection, the Court will consider it. You may also pay another lawyer to attend, but it is not necessary.

**May I speak at the hearing?** If you file a timely, valid objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be filed according to the procedure described above. Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection. You cannot speak at the hearing if you exclude yourself from the Settlement.

## GETTING MORE INFORMATION

**Are there more details about the Settlement?** This Notice summarizes the proposed terms of the Settlement. More details are contained in the Settlement itself. You can get a copy of the Settlement and motion for attorneys' fees, costs, and payment to the class representative by visiting the website www.tidrick.com/SFMTA-Settlement or by sending a request, in writing, to:

SFMTA Settlement
Name of Settlement Administrator
Address
City, State Zip
Phone
E-mail

**How can I get more information about the Settlement?** If you have other questions about the Settlement, you can contact the Settlement Administrator (contact information above), or Class Counsel:

The Tidrick Law Firm
Steven G. Tidrick, Esq.
Joel B. Young, Esq.
2039 Shattuck Avenue, Suite 308
Berkeley, CA 94704
Telephone: 510-788-5100

DATED: [Insert Date of Mailing]

Exhibit 2

SFMTA SETTLEMENT ADMINISTRATOR
[NAME OF SETTLEMENT ADMINISITRATOR]
[ADDRESS]
[CITY, STATE  ZIP]
**IMPORTANT LEGAL MATERIALS**

| | | |
|---|---|---|
| <<NAME1>><br><<ADDRESS1>><br><<ADDRESS2>><br><<CITY>> <<STATE>><br><<ZIP>><br><<COUNTRY>> | ☐ | If the pre-printed information to the left is not correct or if there is no pre-printed information, please check the box and complete the information below:<br><br>Name:  _____<br><br>Address:  _____<br><br>City:  _____<br><br>State:_____Zip Code: _____ |

# CLAIM FORM

*Stitt, et. al. v. San Francisco Municipal Transportation Authority, et al.*
United States District Court for the Northern District of California
Case No. 12-CV-3704 YGR

The deadline for submitting this claim form (postmarked) is [**INSERT DATE sixty (60) calendar days AFTER MAILING OF NOTICE**]. READ THE ATTACHED NOTICE OF CLASS ACTION SETTLEMENT FOR ADDITIONAL DETAILS.

**I.  YOUR SHARE:**
If the Court grants Final Approval to this Settlement, and you timely submit this Claim Form, your Settlement payment will be approximately:

**$<<ESTIMATED ALLOCATION>>**

The amount of your Settlement payment may be more or less than this amount depending upon various factors described in the Settlement Agreement.

**II.  BASIS FOR YOUR SHARE:**
According to records maintained by SFMTA, you worked as a classification 9163 operator, whether full-time or part-time, for the following number of work hours during the Class Period, which is July 16, 2009 through November 1, 2016:  <<# FULL WORK HOURS>>.  The number of those hours spent on Cable Car run assignments was:  << # CABLE CAR WORK HOURS >>.

### III.  COMPLETE THIS SECTION IF YOU DISPUTE THE BASIS FOR YOUR SHARE

*Please complete this Section only if you <u>disagree</u> with the number of full work hours indicated in section II.*  If you believe that this information is <u>incorrect</u>, please:

1. Write in the space below the estimated number of full work hours you believe you worked as an Operator for SFMTA between July 16, 2009 and November 1, 2016: _____ work hours

2. Write in the space below the estimated number of the above work hours that you believe you worked Cable Car run assignments: _____ work hours

3. Please attach to this Claim Form any documents in your possession that support the information you have provided in support of Items 1 and 2 above, and/or an explanation by you describing what you believe is inaccurate regarding the number of full work hours recorded. <u>SFMTA's records are presumed to be correct unless the documents or explanation you provide demonstrate otherwise.</u>

### IV.  MAILING INSTRUCTIONS

After you sign this Claim Form, you can submit your signed Claim Form to the Settlement Administrator in one of the following ways:

1. Mail the Claim Form in the enclosed postage-prepaid envelope provided.
2. Send the Claim Form in your own envelope to the Settlement Administrator at:

**SFMTA Settlement Administrator**
**c/o [name of  Settlement Administrator]**
**[address]**
**[city, state zip]**

The postmark deadline for your signed Claim Form is [**INSERT DATE sixty (60) calendar days AFTER MAILING OF NOTICE**].

If you have any questions about this Claim Form, please call the Settlement Administrator at: [phone number]

### V.  CONSENT TO JOIN SETTLEMENT CLASS AND RELEASE

I have reviewed the Notice of Class Action Settlement. In exchange for my Settlement payment, I consent to be a party plaintiff in this FLSA collective action, and I agree to the releases of legal claims against Defendant set forth in the Settlement Agreement. I declare under penalty of perjury under the laws of the United States of America that everything I have written on this Claim Form is true and correct.

Signature:_____     Date: _____

Print or type full name: _____

Telephone number:  (_____)_____