THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiffs DARRYL A. STITT, TONY
GRANDBERRY, and HEDY GRIFFIN,
and for the CERTIFIED CLASS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL A. STITT *et al.*, <br><br> Plaintiffs, <br> v. <br><br> THE SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY *et al.*, <br><br> Defendants. | Civil Case Number:  4:12-cv-03704-YGR <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: July 18, 2017 <br> Time: 2:00 p.m. <br> Location: Courtroom 1, 4th Floor, Oakland <br><br> The Honorable Yvonne Gonzalez Rogers |

## NOTICE OF MOTION AND MOTION

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on July 18, 2017, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the Northern District of California, Oakland Division, located on the 4th Floor at 1301 Clay Street, Oakland, California, Plaintiffs and Class Representatives Darryl A. Stitt, Tony Grandberry, and Hedy Griffin, on behalf of the certified class, will and hereby do move the Court, pursuant to Federal Rules of Civil Procedure 23(h), for an order awarding $2,400,000 in attorneys' fees, $423,041.47 in incurred litigation costs, and service awards of (a) $25,000 each to Darryl Stitt and John Dudley; (b) $10,000 each to Tony Grandberry and Hedy Griffin; (c) $3,000 each to Joseph Sylva, Eugene Elum, Jose Flores, Rhonda Ford, Frank McDowell, and Barry Chamberlain; and (d) $800 to each Operator whose deposition was taken in this action.

The motion will be based on this Notice, the following Memorandum of Points and Authorities, the declaration of Steven G. Tidrick, Esq. filed herewith, the other records, pleadings, and papers filed in this action, and any evidence or argument presented at the hearing on this motion

DATED: May 26, 2017

Respectfully submitted,

THE TIDRICK LAW FIRM

By:   /s/ Steven G. Tidrick
_____
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662

Attorneys for Individual and Representative
Plaintiffs DARRYL A. STITT, TONY
GRANDBERRY, and HEDY GRIFFIN,
and for the CERTIFIED CLASS

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS;
MEMO. OF POINTS AND AUTHORITIES - *Stitt v. The San Francisco Municipal Transportation Agency*, Case No. 4:12-cv-03704-YGR

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs and Class Representatives Darryl A. Stitt, Tony Grandberry, and Hedy Griffin, on behalf of the certified class ("Plaintiffs") and Defendants San Francisco Municipal Transportation Agency and City and County of San Francisco (collectively "Defendant") have resolved preliminarily the class-wide claims in this action. The $8 million settlement agreement has received preliminary approval. This Court should award, from the $8,000,000 common-fund settlement, a total of $2,400,000 in attorneys' fees, $423,041.47 in incurred litigation costs, and service awards of (a) $25,000 each to Darryl Stitt and John Dudley; (b) $10,000 each to Tony Grandberry and Hedy Griffin; (c) $3,000 each to Joseph Sylva, Eugene Elum, Jose Flores, Rhonda Ford, Frank McDowell, and Barry Chamberlain; and (d) $800 to each Operator whose deposition was taken in this action. The attorneys' fee award requested is 30% of the common fund amount of $8,000,000, which equates to $2,400,000. That amount is less than lodestar, which is $3,470,752.40. Thus, the requested fee award results in a "negative multiplier," which supports a finding that the requested percentage of the fund, 30%, is reasonable and fair.

## II. NATURE OF THE CASE AND PROCEDURAL HISTORY

In the interests of efficiency, Plaintiffs refer the Court to Plaintiffs' motion for preliminary approval of settlement, which includes a statement about the nature of the case and its procedural history. *See* Docket No. 433, at ECF pages 4:14-5:27. To summarize: the case was litigated intensely and settled shortly before trial, more than four years after the case was filed.

## III. ARGUMENT

### A. Plaintiffs' Counsel Are Entitled to Recover Fees from the Common Fund

Federal Rule of Civil Procedure 23 provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. Proc. 23(h). Rule 23(h) applies to requests for attorney's fees for settled class actions. *See Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) (explaining that "[a]ttorneys' fees provisions included in proposed class action

2

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS; MEMO. OF POINTS AND AUTHORITIES - *Stitt v. The San Francisco Municipal Transportation Agency*, Case No. 4:12-cv-03704-YGR

agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate and reasonable'"). According to the Ninth Circuit, in order to protect the due-process rights of unnamed class members, any such request must be filed prior to the deadline to object to the settlement. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994-95 (9th Cir. 2010) ("*In re Mercury*"). *See also Weeks v. Kellogg Co.*, 2011 U.S. Dist. LEXIS 155472, at *80 (C.D. Cal. Nov. 23, 2011) (applying *In re Mercury* and holding that the filing of a fee petition one week before the objection deadline comported with due process). The present motion, filed on May 26, 2017, complies with *In re Mercury*.

With regard to the merits of the Motion, in analyzing Rule 23(h) fee requests, courts "'have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount.'" *Vandervort v. Balboa Capital Corp.*, 2014 U.S. Dist. LEXIS 46174 (C.D. Cal. Mar. 27, 2014) (quoting *In re Bluetooth Headset Prods. Litig.*, 654 F.3d 936, 941 (9th Cir. 2011)).

The U.S. Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund … is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Staton*, 327 F.3d at 967 (same). For purposes of determining a reasonable fee, "'courts have discretion to employ either the lodestar method or the percentage-of-recovery method.'" *Greko v. Diesel U.S.A., Inc.*, 2013 U.S. Dist. LEXIS 60114, at *23 (N.D. Cal. Apr. 26, 2013). Generally speaking, though, "[t]he lodestar method is . . . preferable when calculating statutory attorney fees, whereas the percentage-of-recovery approach is appropriate when the fees will be drawn from a common fund." *Clark v. Payless Shoesource, Inc.*, 2012 U.S. Dist. LEXIS 105187, at *3-4 (W.D. Wash. July 27, 2012) (citing *In re Bluetooth Headset Prods. Litig.*, 654 F.3d at 941).

The Ninth Circuit has explained that, "[b]ecause the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *In re Bluetooth*, 654 F.3d at 942. *See also Elliott v. Rolling Frito-Lay Sales, LP*,

3

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS; MEMO. OF POINTS AND AUTHORITIES - *Stitt v. The San Francisco Municipal Transportation Agency*, Case No. 4:12-cv-03704-YGR

2014 WL 2761316, at *9, 2014 U.S. Dist. LEXIS 83796, at *25 (C.D. Cal. June 12, 2014) (C.D. Cal. June 12, 2014) (Carter, J.) ("There are significant benefits to the percentage approach, including consistency with contingency fee calculations in the private market, aligning the lawyers' interests with achieving the highest award for the class members, and reducing the burden on the courts that a complex lodestar calculation requires.").

As explained by the Ninth Circuit, a "common fund" exists "when (1) the class of beneficiaries is sufficiently identifiable, (2) the benefits can be accurately traced, and (3) the fee can be shifted with some exactitude to those benefiting." *In re Petition of Hill*, 775 F.2d 1037, 1041 (9th Cir. 1985). According to the Supreme Court, "the[se] criteria are satisfied when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum [amount]." *Boeing Co. v. Van Gemert*, 444 U.S. 444, 479 (1980). Here, the $8,000,000 gross settlement payment is a common fund, as each Class Member will be mailed checks in amounts determined by a defined formula. Accordingly, the Court should apply the percentage-of-recovery approach when setting the amount of Class Counsel's fee. As explained in more detail below, Class Counsel's requested fee award amount is reasonable, and is significantly less than the lodestar.

**B.  Class Counsel's Requested Fees Are Within the Range of Approval**

The Ninth Circuit has stated that "25 percent of the fund [i]s the 'benchmark' award that should be given in common fund cases." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). That said, "the exact percentage varies depending on the facts of the case, and in 'most common fund cases, the award exceeds that benchmark.'" *Johnson v. General Mills, Inc.*, 2013 U.S. Dist. LEXIS 90338, at *20 (C.D. Cal. June 17, 2013) (quoting *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010). Thirty percent is within the "usual range." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). *See also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) (stating that "nearly all common fund awards range around 30%"). When the Court awards fees above or below the benchmark, the "record must indicate the Court's reasons for doing so." *Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476, at *44 (N.D.

4

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS; MEMO. OF POINTS AND AUTHORITIES - *Stitt v. The San Francisco Municipal Transportation Agency*, Case No. 4:12-cv-03704-YGR

Cal. Jan. 26, 2007) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000)).

In this case, a fee award of 30% of the common fund settlement is reasonable. Among the circumstances the Ninth Circuit has considered relevant in assessing reasonableness are: (1) the results achieved; (2) the riskiness of prosecuting the litigation; (3) whether counsel obtained benefits for the Class above and beyond the cash settlement fund itself; and (4) the financial burden carried by Class Counsel in prosecuting the case on a contingency basis. *Vizcaino*, 290 F.3d 1043 at 1048-50. In this case, all of those factors favor a finding that a fee award of 30% is reasonable.

First, Class Counsel have obtained favorable results over the course of the litigation, including a grant of conditional certification of the collective action under the FLSA as well as class certification under Rule 23. *See* Docket No. 189. That result ultimately led to an $8 million settlement, which is an outstanding outcome for the class, as discussed in Plaintiffs' motion for preliminary approval (Docket No. 433), which the Court granted (Docket No. 440), and as will be discussed in Plaintiffs' motion for final approval.

Second, prosecuting the litigation has been risky. This case is not one in which a substantial settlement and a recovery of a large attorneys' fee was a foregone conclusion. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980) (recognizing importance of incentivizing qualified attorneys to devote their time to complex, time-consuming cases in which they risk nonpayment); *Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance."). The claims asserted are, to a large extent, complex, as reflected in the fully briefed motion for summary judgment, Dkt. 360, which was heard but not decided because this settlement was obtained. Moreover, there was risk associated with Defendant's motion for decertification and *Daubert* motion, which likewise were heard but not decided. *See* Docket Nos. 336, 359.

Third, counsel obtained benefits for the class above and beyond the cash settlement fund. Indeed, the settlement commits Defendant to making various changes in policies and procedures that will benefit the class. *See* Settlement Agreement (Docket No. 436), ¶ 6.3.4.

Fourth, the financial burden carried by Class Counsel in prosecuting the case on a contingency basis has been significant. To date, Class Counsel have received no fees during

5

the pendency of this action, and they have also advanced all costs over the course of more than three years of litigation, despite the risk of no recovery, which represented a significant financial burden on a two-partner law firm. *See* Declaration of Steven G. Tidrick ("Tidrick Decl."), ¶ 18.

The circumstances described above support an upward adjustment from the Ninth Circuit's benchmark of 25 percent. *See, e.g., Hopkins v. Stryker Sales Corp.*, 2013 U.S. Dist. LEXIS 16939, at *8-9 (N.D. Cal. Feb. 6, 2013) (discussing other wage-and-hour cases in which courts awarded attorneys' fees of 33 1/3% or more, explaining that conducting the case "on an entirely contingent fee basis against a well-represented [d]efendant" supported an upward fee adjustment, and awarding Class Counsel attorneys' fee award of 30 percent of the common fund); *Thieriot v. Celtic Ins. Co.*, 2011 U.S. Dist. LEXIS 44852 (N.D. Cal. Apr. 21, 2011) ("It is common practice to award attorneys' fees at a higher percentage than the 25% benchmark in cases that involve a relatively small — i.e., under $10 million — settlement fund."); *In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, at*69 (C.D. Cal. June 10, 2005) ("Here, the Court notes that Plaintiffs' counsel proceeded entirely on contingency basis, while paying for all expenses incurred. There was no guarantee of any recovery, and thus, counsel was subjected to considerable risk of no compensation for time or no reimbursement for expenses."); *Boyd v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 162880, at *28-29 (C.D. Cal. Nov. 18, 2014) ("Both of the firms representing the Class are small firms with fewer than fifteen attorneys. Firms of this size face even greater risks in litigating large class actions with no guarantee of payment. The Court finds that the considerable risk in this case due to the uncertain legal terrain, coupled with Counsel's contingency fee arrangement, weigh in favor of an increase from the benchmark rate. . . . Decisions in analogous wage and hour suits have found awards of one third of the common fund appropriate.") (citing cases and ordering attorneys' fee award of one-third of the common fund).

Another factor favoring the 30% fee award is that it equates to an amount that is significantly less than the lodestar, as discussed in more detail below. Thus, the requested fee award results in a "negative multiplier," which supports a finding that the requested

6

percentage of the fund, 30%, is reasonable and fair.  *See, e.g., Pierce v. Rosetta Stone, Ltd.*, 2013 U.S. Dist. LEXIS 138921, at *18, 2013 WL 5402120, at *6 (N.D. Cal. Sept. 26, 2013) (finding that "the requested fee award results in a so-called negative multiplier, which suggests that the percentage of the fund amount is reasonable and fair"); *Hopkins v. Stryker Sales Corp.,* 2013 U.S. Dist. LEXIS 16939, at *9 (N.D. Cal. Feb. 6, 2013) (stating that in several cases in which courts awarded 33 and 1/3 percent of the common fund, the requested fees were "significantly less than the lodestar," citing cases).

### C. The Lodestar "Cross-check" Confirms that the Requested Attorneys' Fees Are Reasonable

When setting a fee award, courts can—and should—apply the alternative lodestar method to provide "perspective on the reasonableness of a given percentage award." *Vizcaino*, 290 F.3d at 1050.  According to the Ninth Circuit, "[c]alculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award." *Id*.  "Lodestar calculations are determined by multiplying the number of hours reasonably expended during the litigation by a reasonable hourly rate." *In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, at *19 (C.D. Cal. June 10, 2005) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (1998)).  It is "common for a counsel's lodestar figure to [then] be adjusted upward by some multiplier reflecting a variety of factors such as the effort expended by counsel, the complexity of the case, and the risks assumed by counsel." *Id*. at *71-72 (citing In re Linerboard Antitrust Litig., 2004 U.S. Dist. LEXIS 10532, 2004 WL 1221350, at *16 (E.D. Pa. June 2, 2004) (recognizing that from 2001 to 2003, the average multiplier approved in common fund cases was 4.35, and during the 30 year period from 1973-2003, the average multiplier approved in common fund class actions was 3.89) (citing Stuart J. Logan, et al., Attorney Fee Awards in Common Fund Class Actions, 24 CLASS ACTION REPORTS 167 (2003)), disapproved on other grounds as stated in *In re ATM Fee Antitrust Litig*., 686 F.3d 741, 755 n.7 (9th Cir. 2011)).

Here, based on detailed, contemporaneously-kept time records, Class Counsel's unadjusted lodestar (*i.e.*, with no multiplier) is $3,470,752.40, computed as a function of the

7

hours and rates detailed in the declarations of Steven G. Tidrick, Esq. and James M. Finberg, filed herewith. Both the hourly rates and the associated hours are reasonable. As to the rates, "'[t]he proper reference point in determining an appropriate fee award is the rates charged by private attorneys in the same legal market as prevailing counsel.'" *Rutti v. Lojack Corp.*, 2012 U.S. Dist. LEXIS 107677, at *30 (C.D. Cal. July 31, 2012) (quoting *Trevino v. Gates*, 99 F.3d 911, 925 (9th Cir. 1996)). The rates charged by private attorneys in the same legal market, in turn, are the "prevailing market rate[s] in the relevant community" for lodestar purposes. *Davis v. City of San Francisco*, 976 F.2d 1536, 1547 (9th Cir. Cal. 1992) (quoting *Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir. 1991), cert. denied, 112 S.Ct. 640 (1991), and citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984), vacated in part on other grounds by 984 F.2d 345 (9th Cir. 1993)). The relevant community is "the forum district." *Anderson v. Nextel Retail Stores, LLC*, 2010 U.S. Dist. LEXIS 71598 at *6 (C.D. Cal. June 30, 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)). When setting rates, courts should use the attorneys' "current" rates, *i.e.*, their rates at the time of the fee application. *See In re HPL Techs., Inc. Sec. Litig.*, 366 F. Supp. 2d 912, 919–20 (N.D. Cal. 2005) (explaining that the use of current rates "simplifies the calculation and accounts for the time value of money in that lead counsel ha[ve] not been paid contemporaneously").

According to recent case authority, the requested hourly rates are within the range of rates recently approved for class actions, including wage-and-hour actions. *See, e.g., Wang v. Chinese Daily News, Inc.*, 2008 U.S. Dist. LEXIS 123824 at *8-9 (C.D. Cal. Oct. 3, 2008) (in a wage-and-hour action, approving rates of up to $800 per hour), vacated on other grounds, 132 S. Ct. 74 (2011); *Rutti*, 2012 WL 3151077 at *11 (in a wage-and-hour action, approving rates of up to $750 per hour); *Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1036 & n.16 (C.D. Cal. 2012) (approving rates of up to $850 per hour); *In re HP Laser Printer Litig.*, 2011 WL 3861703 at *5-6, 2011 U.S. Dist. LEXIS 98759, at *14 (C.D. Cal. Aug. 31, 2011) (approving rates of up to $800 per hour); *Koz v. Kellogg Co.*, 2013 U.S. Dist. LEXIS 129205, at *23–24 (C.D. Cal. Sept. 10, 2013) (approving attorney hourly rates of up to $950).

Other courts have approved as reasonable the hours and hourly rates of The Tidrick

8

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS; MEMO. OF POINTS AND AUTHORITIES - *Stitt v. The San Francisco Municipal Transportation Agency*, Case No. 4:12-cv-03704-YGR

Law Firm.  *See, e.g., Bradford v. Lux Bus America Co.*, Civil Case No. CGC-12-526030 (San Francisco Superior Court) (Robertson, J.), Order of April 16, 2015, at 4:27-28 (finding Mr. Tidrick's hours and hourly rate of $750/hour to be reasonable, and likewise Mr. Young's hours and hourly rate of $675/hour); *Armstrong v. Bauer's Intelligent Transp., Inc.*, 2015 U.S. Dist. LEXIS 134863, at *6 (N.D. Cal. Sept. 21, 2015) (Chesney, J.) (same); *Williams v. SuperShuttle Int'l, Inc.*, 2015 U.S. Dist. LEXIS 19341, at *5 (N.D. Cal. Feb. 12, 2015) (Orrick, J.) (same); *Rai v. Santa Clara Valley Transportation Authority*, Case No. 5:12-cv-04344-PSG, Dkt. 300, ¶ 22 (Grewal, J.) (same).  The court in *Williams v. SuperShuttle Int'l, Inc.*, 2015 U.S. Dist. LEXIS 19341, at *5 (N.D. Cal. Feb. 12, 2015) (Orrick, J.) also approved Nicole Forde's hours and hourly rate of $325/hour as reasonable.  The court in *Armstrong v. Bauer's Intelligent Transp., Inc.*, 2015 U.S. Dist. LEXIS 134863, at *6 (N.D. Cal. Sept. 21, 2015) (Chesney, J.) also approved the paralegal hourly rate of $165/hour as reasonable.

Indeed, the attorneys' fees request here, 30% of the common fund amount of $8,000,000, equates to $2,400,000.  That amount is about 69% of the lodestar, which is $3,470,752.40.  Thus, the requested fee award results in a "negative multiplier," which supports a finding that the requested percentage of the fund, 30%, is reasonable and fair.  *See, e.g., Pierce v. Rosetta Stone, Ltd.*, 2013 U.S. Dist. LEXIS 138921, at *18, 2013 WL 5402120, at *6 (N.D. Cal. Sept. 26, 2013) ("the requested fee award results in a so-called negative multiplier, which suggests that the percentage of the fund amount is reasonable and fair").

The facts here would warrant a positive multiplier. Indeed, the circumstances described above that support an upward adjustment from the Ninth Circuit's benchmark of 25 percent would also support a positive multiplier. For example, in *Boyd v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 162880 (C.D. Cal. Nov. 18, 2014), the court considered those same factors in approving a 30% award where the lodestar was significantly less than the amount requested, such that the court accepted a multiplier of 2.58.  *See id.* at *31 (finding that a multiplier of 2.58 is "not out of the range of fees awarded for class action settlements" and citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002) for its "finding [that] multiples ranging from one to four are frequently applied in common fund cases").

Alternatively, in assessing reasonableness, courts often refer to the "*Laffey*" matrix, "[a] widely recognized compilation of attorney . . . rate data" for the District of Columbia, "so named because of the case that generated the index," *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983). *In re Chiron Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 91140, at *18-19, 2007 WL 4249902, *6 (N.D. Cal. Nov. 30, 2007). *See also Langer v. Dodaiton, Inc.*, 2015 U.S. Dist. LEXIS 64805, at *36-39 & n.53 (C.D. Cal. May 18, 2015) (noting that the court "looks to the the Laffey Matrix as merely another factor bearing on reasonableness") Of course, several years have passed since the *In re Chiron* decision, and, as noted above, when setting rates, courts should use attorneys' current rates. In addition, since the time that *In re Chiron* was decided, an "adjusted" *Laffey* matrix has been published "using a methodology advocated by economist Dr. Michael Kavanaugh" that "has been used by the United States District Court for the District of Columbia to determine the amount of a reasonable fee." *Bywaters v. United States*, 670 F.3d 1221, 1226 n.4 (Fed. Cir. 2012). As explained by the Federal Circuit, the adjusted *Laffey* matrix "more accurately reflects the prevailing rates for legal services." *Id. See also Hash v. United States*, 2012 U.S. Dist. LEXIS 53098, at *62, 2012 WL 1252624, at *22 (D. Idaho Apr. 13, 2012) (agreeing that the "adjusted" Laffey matrix "is the most accurate representation of rates for legal services . . . giv[ing] weight to the Federal Circuit's recent statement implying acceptance of the use of the Updated Laffey Matrix") (citing *Bywaters*, 670 F.3d at 1226 n.4). A copy of the current, adjusted Laffey matrix is attached to the Declaration of Steven G. Tidrick, Esq. filed herewith.

Furthermore, according to an article reporting on a survey of law firm billing rates published in the August 10, 2012 edition of the *San Francisco Daily Journal*, reasonable hourly rates for attorneys in the San Francisco Bay Area are significantly higher than the rates indicated by the *Laffey* Matrix. According to that survey, the 2012 average billing rate in the San Francisco market was $675 for a partner, up from $654 in 2011, and $482/hour for an associate, up from $449/hour in 2011. A true and correct copy of that article is attached to the Declaration of Steven G. Tidrick, Esq. filed herewith.

The hourly rates set forth in the *San Francisco Daily Journal* reflect those charged where

full payment is expected promptly upon the rendition of the billing and without consideration of factors other than hours and rates. If any substantial part of the payment were to be contingent or deferred for any substantial period of time, the fee arrangement would typically be adjusted so as to compensate the attorneys for those factors. Fee awards are almost always determined based on current rates, *i.e.*, the attorney's rate at the time when a motion for fees is made, rather than the historical rate at the time the work was performed. This is a common and accepted practice that compensates attorneys for the delay in being paid.

In cases where compensation is contingent on success, attorneys generally expect to receive significantly higher effective hourly rates, particularly where, as in this case, the result is uncertain. As the case law recognizes, this does not result in any undue "bonus" or "windfall." In the legal marketplace, a lawyer who assumes a significant financial risk on behalf of a client reasonably expects that his or her compensation will be significantly greater than if no risk was involved (for example, if the client paid the bill on a monthly basis), and that the greater the risk, the greater the "enhancement." Adjusting court-awarded fees upward in contingent fees cases to reflect the risk of recovering no compensation whatsoever for hundreds of hours of labor makes those fee awards consistent with the legal marketplace, and thus helps to ensure that meritorious cases will be prosecuted, important public policies will be enforced, and individuals with meritorious legal claims will be better able to obtain qualified attorneys.

For all these reasons, Class Counsel's attorneys' fee request of $2,400,000—substantially lower than their lodestar—is therefore reasonable.

**D.  Class Counsel's Requested Expense Reimbursement Is Proper**

"'The prevailing view is that expenses are awarded in addition to the fee percentage.'" *Jefferson v. H&M Hennes & Mauritz*, L.P., 2013 U.S. Dist. LEXIS 2875, at *9 (C.D. Cal. Jan. 7, 2013) (quoting 1 ALBA CONTE, ATTORNEY FEE AWARDS § 2:08 at 50–51).  To date, Class Counsel have advanced all costs incurred in this case.  As reflected in documentation attached to the declaration of Steven G. Tidrick, the total incurred litigation expenses are $423,041.47, and do not include the costs for administration of the settlement by Rust Consulting, or the modest, but real, expenses that will be incurred in the future. These costs are reasonable. *See*

11

Tidrick Decl. ¶ 18 & Ex. 5. *See generally Odrick v. UnionBanCal Corp.*, 2012 WL 6019495, at *6, 2012 U.S. Dist. LEXIS 171413, at *17 (N.D. Cal. Dec. 3, 2012) (in a common-fund settlement, noting that class counsel were seeking reimbursement of "costs for a retained expert, mediation, travel, copying, mailing, legal research, and other litigation-related costs," and concluding that "reimbursement of these costs and expenses in their entirety is justified"); *Knight v. Red Door Salons, Inc.*, 2009 U.S. Dist. LEXIS 11149, at *20 (N.D. Cal. Feb. 2, 2009) (in a common-fund settlement, stating that class counsel's expenses "relate to online legal research, travel, postage and messenger services, phone and fax charges, court costs, and the costs of travel"; that "[a]ttorneys routinely bill clients for all of these expenses"; and that "it is therefore appropriate for counsel here to recover these costs from the [s]ettlement [f]und"). The request should therefore be approved in full.

### E. The Requested Services Awards Are Reasonable

The court has discretion to award "incentive" or "service" awards to compensate plaintiffs for work done on behalf of the class and in consideration of the risk undertaken in bringing the action. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). Courts often assess the reasonableness of the award by taking into consideration: "(1) the risk to the class representative in commencing a suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299-300 (N.D. Cal. 1995) (approving incentive award of fifty thousand dollars ($50,000)). In this district, an incentive award of five thousand dollars ($5,000) is presumptively reasonable. *See Pierce,* 2013 U.S. Dist. LEXIS 138921, at *20, 2013 WL 5402120, at *6 (citations omitted).

Enhancement awards serve a function more than just reimbursement for time; they are to overcome the fear of reprisal, real or perceived. *See, e.g., Rodriguez,* 563 F.3d at 958-59 (such awards "are intended to compensate class representatives for work done on behalf of [a] class, to make up for financial or reputational risk undertaken in bringing the action, and,

12

sometimes, to recognize their willingness to act as a private attorney general"), vacated on other grounds, 688 F.3d 645, 660 (9th Cir. 2012). Courts should consider "the risk to the class representative in commencing suit, both financial and otherwise," as well as "the amount of time and effort spent by the class representative." *Smith v. CRST Van Expedited, Inc.*, 2013 U.S. Dist. LEXIS 6049, at *16, 2013 WL 163293 at *6 (S.D. Cal. Jan. 14, 2013)

The three plaintiffs appointed by the court as class representatives, Darryl Stitt, Tony Grandberry, and Hedy Griffin, and plaintiff John Dudley, have each attested to the amounts of personal time that they spent assisting in the prosecution of the lawsuit (specifically, at least 350 to 400 hours by Darryl Stitt, at least 75 to 100 hours by Tony Grandberry, at least 75 to 100 hours by Hedy Griffin, and at least 400 to 500 hours by John Dudley). Their declarations, filed herwith, describe the numerous activities that they performed to support the litigation. Service awards of $25,000 each to Darryl Stitt and John Dudley, and $10,000 each to Tony Grandberry and Hedy Griffin, are justified. *See, e.g., Graham v. Overland Solutions, Inc.*, 2012 U.S. Dist. LEXIS 130113, at *22-23 (S.D. Cal. Sept. 12, 2012) (preliminarily approving settlement that requested service awards of $25,000 each for class representatives).

The service awards requested for certain other plaintiffs are also justified. Awards of $3,000 each to plaintiffs Joseph Sylva, Eugene Elum, Jose Flores, Rhonda Ford, Frank McDowell, and Barry Chamberlain, are justified based on their service and assistance to the Class. Each spent at least 75 hours of his or her personal time gathering information and documentation relevant to the case, meeting with Class Counsel, and facilitating communications between class members and Class Counsel. *See* Tidrick Decl. ¶ 23.

An award of $800 to each Operator whose deposition was taken in this action is also justified. The Operators who were deposed spent an average of more than 12 hours being prepared for their depositions and being deposed. Each had to take time off of work. *Id*. ¶ 24. *See, e.g., Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172, at *23-24 (E.D. La. Sept. 23, 2004) (approving, as part of $5.4 million settlement, service awards of $10,000 to the class representative, $2,500 to any plaintiff who gave a deposition, and $1,000 to any plaintiff who assisted in preparing written discovery responses); *Arango v. Landry's, Inc.*, 2015 U.S.

13

Dist. LEXIS 127869 (N.D. Ill. Aug. 27, 2015) (approving awards of $1,000 each to plaintiffs who gave depositions and answered interrogatories); *In re Bank of Am. Wage & Hour Empl. Litig.*, 2013 U.S. Dist. LEXIS 180056, at *26 (D. Kan. Dec. 18, 2013) ($1,000 to deponents; $500 to plaintiffs who responded to interrogatories; and $300 to plaintiffs who provided a declaration or responded to document requests); *UFCW Local 880-Retail Food Employers Joint Pension Fund v. Newmont Min. Corp.*, 352 Fed. Appx. 232, 233 (10th Cir. 2009) (incentive award may be appropriate based on risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit).

The service awards requested are also justified because, in addition to spending time on the case, the plaintiffs also incurred personal risk, including risks undertaken for payment of costs and stigma in connection with future employment opportunities. *See, e.g., Graham v. Overland Solutions, Inc.*, 2012 U.S. Dist. LEXIS 130113, at *22-23 (S.D. Cal. Sept. 12, 2012) (preliminarily approving settlement that requested service awards of $25,000 each for class representatives in part because "risks undertaken for the payment of costs in the event this action had been unsuccessful" and "stigma upon future employment opportunities for having initiated an action against a former employer"); *Koehl v. Verio*, 142 Cal. App. 4th 1313, 1328 (2006) (in wage and hour action where defendant prevailed at trial, named plaintiffs were held liable, jointly and severally, for defendant's attorneys' fees).

In light of the foregoing, the amounts of the requested service awards are reasonable.

**IV.   CONCLUSION**

Plaintiffs respectfully request that the Court grant Plaintiffs' motion.

DATED: May 26, 2017                         Respectfully submitted,

                                                        THE TIDRICK LAW FIRM

                                                        By:    /s/ Steven G. Tidrick

                                                        STEVEN G. TIDRICK, SBN 224760
                                                        JOEL B. YOUNG, SBN 236662

                                                        Attorneys for Individual and Representative
                                                        Plaintiffs DARRYL A. STITT, TONY
                                                        GRANDBERRY, and HEDY GRIFFIN,
                                                        and for the CERTIFIED CLASS

14