1   THE TIDRICK LAW FIRM
    STEVEN G. TIDRICK, SBN 224760
2   JOEL B. YOUNG, SBN 236662
    2039 Shattuck Avenue, Suite 308
3   Berkeley, California  94704
    Telephone: (510) 788-5100
4   Facsimile:  (510) 291-3226
    E-mail:     sgt@tidricklaw.com
5   E-mail:     jby@tidricklaw.com

6   Attorneys for Individual and Representative
    Plaintiffs DARRYL A. STITT, TONY
7   GRANDBERRY, and HEDY GRIFFIN,
    and for the CERTIFIED CLASS

8                   IN THE UNITED STATES DISTRICT COURT

9
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11  DARRYL A. STITT *et al.*,                    Civil Case Number:  4:12-cv-03704-YGR

12                         Plaintiffs,           **PLAINTIFFS' NOTICE OF MOTION
            v.                                   AND MOTION FOR FINAL APPROVAL
13                                               OF CLASS SETTLEMENT;
    THE SAN FRANCISCO MUNICIPAL                  MEMORANDUM OF POINTS AND
14  TRANSPORTATION AGENCY *et al.*,              AUTHORITIES**
                           Defendants.
15                                               Date:       July 18, 2017
                                                 Time:       2:00 p.m.
16                                               Location:   Courtroom 1, 4th Floor, Oakland

17
                                                 The Honorable Yvonne Gonzalez Rogers
18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

I.      INTRODUCTION AND SUMMARY ................................................................ 1

II.     NATURE OF THE CASE AND PROCEDURAL HISTORY ........................... 2

III.    KEY FACTS SINCE PRELIMINARY APPROVAL ....................................... 2

        A. Distribution of Notice to the Settlement Class  ...................................... 2

        B. Settlement Payments Will Be Higher Than Estimated ................................ 2

        C. Online Posting of the Settlement Agreement, Complaint, and Plaintiffs'

           Motion for Attorneys' Fees and Costs and Service Awards ........................ 3

        D. Overwhelmingly Positive Response by Settlement Class Members ............ 3

        E. Only Two Requests for Exclusion ................................................. 3

        F. No Objections Filed After Notice Was Mailed ...................................... 3

IV.     KEY TERMS OF THE $8 MILLION CLASS SETTLEMENT ........................ 4

V.      LEGAL STANDARDS FOR CERTIFICATION OF SETTLEMENT CLASS

        AND FINAL APPROVAL OF CLASS SETTLEMENT ................................. 4

        A. Class Claims Settled Under Rule 23 ................................................ 4

           1.  Criteria ...................................................................... 4

           2.  Procedure .................................................................... 5

        B. Standards for Class Settlement of FLSA Claims .................................... 5

VI.     THE COURT SHOULD GRANT FINAL APPROVAL  ................................ 6

        A. Conditional Certification of the Class for Settlement Purposes Is

           Warranted .................................................................... 6

        B. The Proposed Settlement Is Fair, Reasonable, and Adequate ...................... 6

           1.  The Court Already Granted Preliminary Approval ....................... 6

           2.  The Class Overwhelmingly Supports the Settlement  .................... 7

           3.  All Other Relevant Factors Also Support Final Approval ............. 9

VII.    PROPOSED EFFECTIVE DATE OF THE FINAL APPROVAL ORDER AND

        JUDGMENT ................................................................... 14

i

1

VIII.   CONCLUSION.................................................................................................   15

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

<u>**CASES**</u>                                                                                           <u>**PAGE(S)**</u>

*Adoma v. Univ. of Phoenix, Inc.,*
913 F. Supp. 2d 964 (E.D. Cal. 2012) ..................................................................... 15

*Alberto* v. *GMRI, Inc.,*
252 F.R.D. 652 (E.D. Cal. 2008) ........................................................................... 4, 5

*Amchem Prods. Inc.* v. *Windsor,*
521 U.S. 591, 620, 117 S. Ct. 2231 (1997) ............................................................. 4

*Beaty v. Continental Automotive Systems U.S., Inc.,*
2012 WL 1886134 (N.D. Ala. May 21, 2012) ....................................................... 15

*Ching v. Siemens Indus.,*
2014 U.S. Dist. LEXIS 89002 (N.D. Cal. June 27, 2014) ..................................... 7

*Churchill Village, LLC v. General Electric,*
361 F.3d 566 (9th Cir. 2004) ................................................................................. 9

*City of Detroit* v. *Grinnell Corp.,*
495 F .2d 448 (2d Cir. 1974) ............................................................................ 12, 13

*Class Plaintiffs* v. *City of Seattle,*
955 F.2d 1268 (9th Cir. 1992) ............................................................................... 4

*Corson v. Toyota Motor Sales U.S.A.,*
2016 U.S. Dist. LEXIS 46757 (C.D. Cal. Apr. 4, 2016) ..................................... 6, 7

*Cruz v. Sky Chefs, Inc.,*
2014 U.S. Dist. LEXIS 176393 (N.D. Cal. Dec. 19, 2014) ................................... 9

*D'Amato v. Deutsche Bank,*
236 F.3d 78 (2d Cir. 2001) ................................................................................... 14

*DeBoer v. Mellon Mortgage Co.,*
64 F.3d 1171 (8th Cir. 1995) ................................................................................. 8

*Elliott v. Sperry Rand Corp.,*
680 F.2d 1225 (8th Cir. 1982) ............................................................................... 8

*Flores v. One Hanover, LLC,*
2014 U.S. Dist. LEXIS 78269 (S.D.N.Y. June 9, 2014) ....................................... 8

*Gen. Tel. Co. of Sw. v. Falcon,*
457 U.S. 147 (1982) ............................................................................................. 11

*Hanlon* v. *Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998) ............................................................................ 4, 5

*In re Mego Fin. Corp. Sec. Litig.,*
213 F.3d 454 (9th Cir. 2000) ............................................................................... 12

iii

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
986 F. Supp. 2d 207 (E.D.N.Y. 2013) ................................................................ 12, 13

*In re Processed Egg Products Antitrust Litigation*,
284 F.R.D. 249 (E.D. Pa. 2012) ......................................................................... 15

*In re Toys R Us-Del., Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
295 F.R.D. 438 (C.D. Cal. 2014) ........................................................................ 12

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*,
396 F.3d 922 (8th Cir. 2005) .............................................................................. 8

*Kay Co. v. Equitable Prod. Co.*,
2010 WL 1734869 (S.D. W. Va. Apr. 28, 2010) ................................................ 15

*Linney* v. *Cellular Alaska P'ship*,
151 F .3d 1234 (9th Cir. 1998) ........................................................................... 11

*Literary Works in Elec. Databases Copyright Litig. v. Thomson Corp.*,
654 F.3d 242 (2d Cir. N.Y. 2011) ...................................................................... 13

*Local Joint Executive Bd. v. Las Vegas Sands, Inc.*,
244 F.3d 1152 (9th Cir. 2001) ........................................................................... 11

*Lynn's Food Stores, Inc. v. United States*,
679 F.2d 1350 (11th Cir. 1982) ......................................................................... 5

*Marshall v. NFL*,
787 F.3d 502 (8th Cir. 2015) ............................................................................. 8

*McKeen-Chaplin v. Franklin Am. Mortg. Co.*,
2012 U.S. Dist. LEXIS 179635 (N.D. Cal. Dec. 19, 2012) .............................. 5, 6

*Molski v. Gleich*,
318 F.3d 937 (9th Cir. 2003) ............................................................................. 7

*Moore v. Verizon Communs., Inc.*,
2013 U.S. Dist. LEXIS 122901 (N.D. Cal. Aug. 28, 2013) ............................... 9

*Noll v. eBay, Inc.*,
309 F.R.D. 593 (N.D. Cal. 2015) ....................................................................... 7

*Officers for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982) …………………………………………………….. *passim*

*Perkins v. LinkedIn Corp.*,
2016 U.S. Dist. LEXIS 18649 (N.D. Cal. Feb. 16, 2016) ................................. 7

*Petrovic v. AMOCO Oil Co.*,
200 F.3d 1140 (8th Cir. 1999) ........................................................................... 8

*Reed v. 1-800 Contacts, Inc.*,
2014 U.S. Dist. LEXIS 255, 2014 WL 29011 (S.D. Cal. Jan. 2, 2014) ............ 12

iv

*San Francisco NAACP v. San Francisco Unified Sch. Dist.*,
59 F. Supp. 2d 1021 (N.D. Cal. 1999) ......................................................... 13

*Satchell v. Fed. Exp. Corp.*,
2007 U.S. Dist. LEXIS 99066 (N.D. Cal. Apr. 13, 2007) ................................ 14

*Sheehy v. Santa Clara Valley Transp. Auth.*,
2015 U.S. Dist. LEXIS 18296 (N.D. Cal. Feb. 13, 2015) ................................ 12

*Staton* v. *Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ................................................................... 4

*Stevens v. Safeway Inc.*,
2008 U.S. Dist. LEXIS 17119 (C.D. Cal. Feb. 25, 2008) ................................ 6

*Stoetzner v. U.S. Steel Corp.*,
897 F.2d 115 (3d Cir. 1990) ..................................................................... 8

*Strube v. Am. Equity Investment Life Ins. Co.*,
226 F.R.D. 688 (M.D. Fla. 2005) ............................................................ 12

*Touhey v. United States*,
2011 U.S. Dist. LEXIS 81308 (C.D. Cal. Jul. 25, 2011) ............................. 9, 13

*United States v. Oregon*,
913 F.2d 576 (9th Cir. 1990) ..................................................................... 7

*Van Bronkhorst* v. *Safeco Corp.*,
529 F.2d 943 (9th Cir. 1976) ................................................................... 11

*Van Horn v. Trickey*,
840 F.2d 604 (8th Cir. 1988) ..................................................................... 8

*Young v. Katz*,
447 F.2d 431 (5th Cir. 1971) ................................................................... 10

*Yue Zhou v. Wang's Rest.*,
2007 U.S. Dist. LEXIS 60683 (N.D. Cal. Aug. 8, 2007) ................................ 4

STATUTES

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)...................................... 1

28 U.S.C. § 1715................................................................................ 14, 15

RULES

Fed. R. Civ. P. 23 ........................................................................... *passim*

v

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES - *Stitt v. The San Francisco Municipal Transportation Agency*, Case No. 4:12-cv-03704-YGR

1

OTHER AUTHORITIES

2

MANUAL FOR COMPLEX LITIGATION (Fourth) (2004) .......................................................... 5, 7, 12

3

MCLAUGHLIN ON CLASS ACTIONS (8th ed.) ...........................................................   8

4

NEWBERG ON CLASS ACTIONS................................................................................   11

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES - *Stitt v. The San Francisco Municipal Transportation Agency*, Case No. 4:12-cv-03704-YGR

**NOTICE OF MOTION AND MOTION**

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on July 18, 2017, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the Northern District of California, Oakland Division, located on the 4th Floor at 1301 Clay Street, Oakland, California, Plaintiffs and Class Representatives Darryl A. Stitt, Tony Grandberry, and Hedy Griffin, on behalf of the certified class, will and hereby do move the Court, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Rule 23(c) and (e) of the Federal Rules of Civil Procedure, for final approval of the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement") (Docket No. 432), and for entry of the proposed order filed herewith.

DATED: June 23, 2017                THE TIDRICK LAW FIRM

                                    By:      /s/ Steven G. Tidrick
                                    _____
                                    STEVEN G. TIDRICK, SBN 224760
                                    JOEL B. YOUNG, SBN 236662

                                    Attorneys for Individual and Representative
                                    Plaintiffs DARRYL A. STITT, TONY
                                    GRANDBERRY, and HEDY GRIFFIN,
                                    and for the CERTIFIED CLASS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      INTRODUCTION AND SUMMARY

In this motion, Plaintiffs seek final approval of a proposed $8 million class settlement with Defendants San Francisco Municipal Transportation Agency and City and County of San Francisco (collectively "Defendant"), and certification of a class and collective action for settlement purposes. The parties reached settlement through arm's-length bargaining with the assistance of both experienced counsel and the settlement conference judge, the Honorable Joseph C. Spero. The settlement will result in significant financial benefit to class members. The applicable notices clearly apprised class members of their rights to participate in, object to, or opt out of the settlement. There is no suggestion of anything other than good faith and fair dealing on

1

1    all material issues related to the resolution of the action. Therefore, Plaintiffs respectfully submit

2    that the proposed settlement warrants final approval.

3    **II.    NATURE OF THE CASE AND PROCEDURAL HISTORY**

4          Plaintiffs incorporate by reference the discussion of the Nature of the Case and Procedural

5    History set forth in Plaintiffs' Motion for Preliminary Approval of Class Settlement (Docket No.

6    433), at 4:14-5:27.[1] The Court granted Plaintiffs' Motion for Preliminary Approval of Class

7    Settlement on February 2, 2017 (Docket No. 440).

8    **III.   KEY FACTS SINCE PRELIMINARY APPROVAL**

9          The following are key events that have transpired, and new information that is available,

10   since the Court granted preliminary approval of the class settlement on February 2, 2017.

11          **A. Distribution of Notice to the Settlement Class**

12         Pursuant to the Court's order of preliminary approval, the Administrator mailed the Court-

13   approved notice to 3,957 Settlement Class members on on April 14, 2017. *See* Declaration of

14   Abigail Schwartz for Rust Consulting, Inc. ("Schwartz Decl."), ¶ 9. Consistent with the Court's

15   order of preliminary approval, the notice specified a deadline (postmark date) of June 13, 2017

16   for claim forms, exclusions (opt-outs), and objections. *See id*.

17          **B. Settlement Payments Will Be Higher Than Estimated**

18         The notices mailed to the Settlement Class identified each person's estimated settlement

19   payment, and assumed that the reimbursement of attorneys' costs would be $525,000. *Id*.

20   Plaintiffs have in fact requested reimbursement of attorneys' costs of less than that, specifically,

21   $423,041.47. *Id.* Rust's administration costs were higher than projected, and accordingly, Rust

22   has requested payment of $40,000, which is $7,000 more than originally estimated. *See* Schwartz

23   Decl. ¶ 18. The net effect of those two adjustments is a higher amount available for distribution to

24   the class. Indeed, if the Court grants the requested attorneys' fees and costs and service awards,

25   and the requested payment to Rust, then the amount that will be available for distribution to the

26   settlement class will be $94,958.53 higher than had been estimated, and accordingly, the actual

27

28   ---
     [1] The page references to documents filed via the Court's ECF system refer to the ECF-generated
     page numbers at the tops of the pages, not the page numbers at the bottoms of the pages.

settlement payments that will be mailed to Settlement Class members will be higher than were estimated in the notices that were mailed to class members. *Id.* ¶ 19.

### C. Online Posting of the Settlement Agreement, Complaint, and Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards

As stated in the notice that was mailed to class members, a full copy of the Settlement Agreement and the operative complaint are online at http://www.tidrick.com/SFMTA-Settlement, and has been since April 14, 2017 (*i.e.*, for the entire time since the class notice was mailed to the class members). *See* Declaration of Steven G. Tidrick, Esq. in Support of Plaintiffs' Motion for Final Approval of Class Settlement ("Tidrick Decl."), ¶ 2. *See also* Stipulation and Order of April 13, 2017 (Docket No. 445) (setting deadlines based on a notice mailing date of April 14, 2017). Plaintiffs filed their Motion for Award of Attorneys' Fees and Costs and Service Awards on May 26, 2017 (Docket No. 446), consistent with the schedule in the Court's preliminary approval order (Docket No. 400, ¶ 7), and within a few hours of that filing, that motion and the supporting declarations were posted online at that same URL. *Id*.

### D. Overwhelmingly Positive Response by Settlement Class Members

Class members responded overwhelmingly positively, as reflected by the fact that more than ***sixty percent* (60.1%)** of Settlement Class members submitted claim forms, *see* Schwartz Decl. ¶ 13 (*i.e.*, 2,379 out of 3,957), even though settlement class members are to be mailed checks for their settlement shares regardless of whether they submitted a claim form. *See* Settlement Agreement, ¶ 7.2.2.

### E. Only Two Requests for Exclusion

Out of the 3,957 Settlement Class members, only two (2) requested to be excluded, specifically, Luis Salinas and Andrew Holle. *See* Schwartz Decl. ¶ 16. Accordingly, the proposed order filed herewith excludes them from the settlement. *See* Proposed Order, ¶ 10.

### F. No Objections Filed After Notice Was Mailed

Prior to the hearing on preliminary approval, one individual, Joseph Sylva, sent the Court a letter dated January 10, 2017. Docket No. 437. Subsequently, the Court granted preliminary approval, and notice was sent to the class. The notice explained the settlement and the procedure

3

1  for objections. Mr. Sylva has filed no further objection. No one else has filed objections. *See* ECF

2  online docket. *See also* Schwartz Decl. ¶ 17 (Rust received no objections).

3  **IV.    KEY TERMS OF THE $8 MILLION CLASS SETTLEMENT**

4      Plaintiffs incorporate by reference the discussion of the Key Terms of Proposed Class

5  Settlement set forth in Plaintiffs' Motion for Preliminary Approval of Class Settlement (Docket

6  No. 433), at 7:1-8:18.

7  **V.    LEGAL STANDARDS FOR CERTIFICATION OF SETTLEMENT CLASS**

8      **AND FINAL APPROVAL OF CLASS SETTLEMENT**

9      **A.    Class Claims Settled Under Rule 23**

10          **1.    <u>Criteria</u>**

11      Rule 23(e) of the Federal Rules of Civil Procedure provides that settlement of the claims

12  of a certified class is subject to the court's approval. In the Ninth Circuit, settlement of class

13  actions is generally favored as a matter of "strong judicial policy." *Alberto* v. *GMRI, Inc.,* 252

14  F.R.D. 652, 658 (E.D. Cal. 2008) (citing *Class Plaintiffs* v. *City of Seattle,* 955 F.2d 1268, 1276

15  (9th Cir. 1992)).

16      That principle is subject to certain limitations when the parties to a class action agree to

17  settle before a class is certified.  To ensure that the proposed class is appropriate and protect the

18  interests of absent members of the class, courts are required to "pay" undiluted, even heightened,

19  attention "to class certification requirements" and consider whether the proposed settlement

20  "taken as a whole" "is fundamentally fair, adequate, and reasonable." *Staton* v. *Boeing Co.,* 327

21  F.3d 938, 952 (9th Cir. 2003) (citing *Amchem Prods. Inc.* v. *Windsor,* 521 U.S. 591, 620, 117 S.

22  Ct. 2231 (1997) and quoting *Hanlon* v. *Chrysler Corp.,* 150 F.3d 1011, 1019, 1026 (9th Cir.

23  1998)). Thus, before it can approve the proposed settlement, the Court must determine whether

24  the class satisfies all four criteria of Federal Rule of Civil Procedure 23(a) and one prong of Rule

25  23(b). *Alberto,* 252 F.R.D. at 659. The Court must also determine whether the proposed

26  settlement terms are fair to the class as a whole, reasonable, and adequate.  *Id.*

27      In this case, the Court conditionally certified this case as an FLSA collective action, and

28  also certified this case as a class action under Rule 23, on May 2, 2014 (Docket No. 189).

4

Thereafter, the case proceeded significantly toward trial, all well before the parties negotiated a classwide settlement.  Therefore, the level of scrutiny required for settlement approval is lower in this case than in a case where no class had been certified. *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1026 ("Several circuits have held that settlement approval that takes place prior to formal class certification requires a higher standard of fairness. . . .  No circuit has held to the contrary. Because settlement class actions present unique due process concerns for absent class members, we agree with our sister circuits and adopt this standard as our own.").

### 2.   Procedure

Procedurally, the reviewing court's evaluation is conducted in two stages.  *Alberto,* 252 F.R.D. at 658. At the first stage, the court conditionally certifies a class for settlement purposes, preliminarily approves the settlement pending the "fairness hearing," and authorizes notice of the proposed class settlement to be given to the class. *Id.* (citations omitted). *See also* MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.632 (2004) ("MANUAL FOR COMPLEX LITIGATION") (summarizing "preliminary fairness review"). In this case, the first stage has been completed.

Stage two is the fairness hearing, set for a time after notice has been provided to the class and class members have had an opportunity to submit claims or objections to the proposed settlement or to opt out of it.  *Alberto,* 252 F.R.D. at 659 (citations omitted).  At or after the fairness hearing, taking into account the responses of class members and any additional information gained, the court reaches a final determination about whether the proposed settlement should be approved.  *Id*.

### B.   Standards for Class Settlement of FLSA Claims

Employee claims under the FLSA may not be settled without supervision of either the Secretary of Labor or a district court. The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness.  In reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *McKeen-Chaplin v. Franklin Am.*

5

*Mortg. Co.*, 2012 U.S. Dist. LEXIS 179635, at *6 (N.D. Cal. Dec. 19, 2012). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Yue Zhou v. Wang's Rest.,* 2007 U.S. Dist. LEXIS 60683, at *2-4 (N.D. Cal. Aug. 8, 2007) (citations omitted, brackets in original); *accord Stevens v. Safeway Inc.,* 2008 U.S. Dist. LEXIS 17119, at *12-13 (C.D. Cal. Feb. 25, 2008). The standard for approving a proposed settlement of FLSA claims "is similar to that used in evaluating settlements under Rule 23(e)": "the district court's role ... 'must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Stevens,* 2008 U.S. Dist. LEXIS 17119, at *l3-14 (quoting *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied,* 459 U.S. 1217, 103 S.Ct. 1219 (1983)).

## VI.    THE COURT SHOULD GRANT FINAL APPROVAL

### A.    Conditional Certification of the Class for Settlement Purposes Is Warranted

The Court previously certified this case both as an FLSA collective action and as a Rule 23 class action. *See* Docket No. 189. The Court also conditionally certified the Settlement Class in its order granting preliminary approval of the settlement. *See* Docket No. 440, ¶ 2.  For the same reasons set forth in Plaintiffs' motion for preliminary approval, Plaintiffs request that the Court enter the proposed order filed herewith granting final approval of the settlement, including the certification of the Settlement Class as a collective action under the FLSA and certification of the class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* Plaintiffs' Motion for Preliminary Approval (Docket No. 285), at 13:20-24:17.

### B.    The Proposed Settlement Is Fair, Reasonable, and Adequate

#### 1.  The Court Already Granted Preliminary Approval

The Court granted preliminary approval of the settlement on February 2, 2017 (Docket No. 440). At that stage, the question was whether the proposed settlement falls within the "range

6

1   of possible approval" and appears to be sufficiently fair, reasonable, and adequate to warrant

2   distributing notice to class members informing them about the proposed settlement and their

3   options for responding and participating. *Molski v. Gleich,* 318 F.3d 937, 944 (9th Cir. 2003).  *See*

4   *also* MANUAL FOR COMPLEX LITIGATION § 21.632. "Once the judge is satisfied as to the . . .

5   results of the initial inquiry into the fairness, reasonableness and adequacy of the settlement," the

6   court should direct notice to issue and schedule a final approval hearing. *Id.,* § 21.633 at 321.

### 2.   The Class Overwhelmingly Supports the Settlement

7

8          The Court-approved notice was mailed to the 3,957 Settlement Class members on April

9   14, 2017 regarding the terms of the settlement, the monetary relief, the allocation formula, and

10  their right to opt out or object to the settlement. *See* Schwartz Decl., ¶ 9. Out of the 3,957

11  Settlement Class members, only <u>two</u> requested to be excluded.  *Id.* ¶ 16.

12         One individual, Joseph Sylva, sent the Court a letter prior to the hearing on preliminary

13  approval, Docket No. 437, but filed no objection since that time. After being sent the notice, Mr.

14  Sylva has not filed an objection or excluded himself, which may indicate that he now accepts the

15  settlement. Regardless, Mr. Sylva's January 10, 2017 did not carry the burden required of

16  objections, specifically, of proving any assertions made in the letter. *See Noll v. eBay, Inc.*, 309

17  F.R.D. 593, 611 (N.D. Cal. 2015) ("[O]bjectors to a class action settlement bear the burden of

18  proving any assertions they raise challenging the reasonableness of a class action settlement.")

19  (citing *United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990)). *See also Perkins v. LinkedIn*

20  *Corp.*, 2016 U.S. Dist. LEXIS 18649, at *39 (N.D. Cal. Feb. 16, 2016) (same).

21         No other objections have been filed.

22         The low number of opt-outs and objections demonstrate a general acceptance of the

23  Settlement by Class Members.  "[T]he absence of a large number of objections to a proposed

24  class action settlement raises a strong presumption that the terms of a proposed class settlement

25  action are favorable to the class members.  Thus, the Court may appropriately infer that a class

26  action settlement is fair, adequate, and reasonable when few class members object to it." *Ching v.*

27  *Siemens Indus.*, 2014 U.S. Dist. LEXIS 89002, at *18-19 (N.D. Cal. June 27, 2014) (citations and

28  internal quotations omitted).  *See also Corson v. Toyota Motor Sales U.S.A.*, 2016 U.S. Dist.

7

LEXIS 46757, at *22-23 (C.D. Cal. Apr. 4, 2016) ("Here, KCC has received only one objection to the Settlement Agreement and 99 timely requests for exclusion.  Given the small number of opt-outs and objections, the Court finds that this factor weighs in favor of final approval.") (citation omitted); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 933 (8th Cir. 2005) ("Clearly, the number of objectors in this case fell well below the four percent of objectors paraded in *Petrovic*.  The district court has a duty to the silent majority as well as the vocal minority. While we agree that these vocal objectors should also be considered, we do not believe that disapproval of the settlement is warranted in this case.") (citations omitted) (citing *Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1152 (8th Cir. 1999), *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1177 (8th Cir. 1995), *cert denied*, 517 U.S. 1156, 134 L. Ed. 2d 648, 116 S. Ct. 1544 (1996)). *See, e.g., Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (approving settlement where "only" 29 objections were made in a 281-member class); *Marshall v. NFL*, 787 F.3d 502, 513 (8th Cir. 2015) ("We have previously approved class-action settlements even when almost half the class objected to it."); *Elliott v. Sperry Rand Corp.*, 680 F.2d 1225, 1226-27 (8th Cir. 1982) (finding no abuse of discretion even though both named plaintiffs objected to it and 790 of approximately 3,000 members objected); *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988) (180 of 400 inmates objecting).

In contrast to the low number of opt-outs and objections, a total of 2,379 claim forms were submitted. The claims rate of more than ***sixty percent (60.1%)*** is well above average in class action settlements and is further evidence that the silent majority enthusiastically support the settlement, particularly given that settlement class members are to be mailed checks for their settlement shares <u>regardless</u> of whether they submitted a claim form. *See* Settlement Agreement, ¶ 7.2.2. *See* 2 MCLAUGHLIN ON CLASS ACTIONS § 6:24 (8th ed.) ("Claims-made settlements typically have a participation rate in the 10-15 percent range."). Courts have described participation rates at the 30% or 31% level as "enthusiastic" and "robust." *See Flores v. One Hanover, LLC*, 2014 U.S. Dist. LEXIS 78269, at *12-13 (S.D.N.Y. June 9, 2014) (granting motion for final approval of wage-and-hour class action settlement, finding that "Class Members have shown an enthusiastic response to the settlement" in a case where

8

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES - *Stitt v. The San Francisco Municipal Transportation Agency*, Case No. 4:12-cv-03704-YGR

"31 percent of FLSA settlement class opted-in to the settlement"); *Cruz v. Sky Chefs, Inc.*, 2014 U.S. Dist. LEXIS 176393, at *14-15 (N.D. Cal. Dec. 19, 2014) (granting motion for final approval of class settlement, and describing the "response rate to the settlement of approximately 30%" as "relatively robust"). The participation rate here is well above participation rates that other courts have deemed to be sufficient for final approval.  *See, e.g., Moore v. Verizon Communs., Inc.*, 2013 U.S. Dist. LEXIS 122901 (N.D. Cal. Aug. 28, 2013) (granting final approval of class action settlement in which the claims rate was three percent (3%)); *Touhey v. United States*, 2011 U.S. Dist. LEXIS 81308 (C.D. Cal. Jul. 25, 2011) (finding that a two percent (2%) response rate did not render settlement unfair).

### 3.   All Other Relevant Factors Also Support Final Approval

Factors relevant to whether a proposed class settlement should be approved include: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill Village, LLC v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004). Another consideration is whether the settlement is "the product of collusion among the negotiating parties." *Id*. at 576.

<u>The Strength of the Plaintiffs' Case</u>

If Plaintiffs were to prevail on liability at trial, then the amount of damages awarded could fall within a wide range, based on the number of compensable hours at issue, the statute of limitations, the potential punitive damages, among other factors. For example, if Defendant convinced the finder of fact that Plaintiffs did not work during the alleged uncompensated time and/or that such time was not compensable, the total damages for the class members could be zero. Similarly, if Defendant established that any violation was not willful, the third year of the statute of limitations would be eliminated.  If, on the other hand, Plaintiffs convinced the finder of fact that class members were entitled to many hours per week of overtime pay, and were successful in obtaining a three year statute of limitations, the total

9

damages for the class would be higher than the agreed upon settlement amount.

Because the variables in an FLSA damage analysis cause the numbers to vary so widely, as shown above, it is often difficult to pinpoint a realistic "potential recovery" in an FLSA case such as this one. At $8 million overall, the proposed settlement is clearly substantial. This is not a settlement where the aggregate figure is large simply because the size of the class is in the tens or hundreds of thousands. Instead, class members are eligible to recover significant financial benefit, on average more than $1,200 each. *See* Schwartz Decl. ¶ 19. These considerations indicate that the proposed settlement falls within the range of reasonableness, warranting preliminary approval. This conclusion is reinforced by considering such factors as the risk that a class might not be certified or might be significantly smaller than proposed, and the time, expense, and complexity of the litigation, including the possibility of appellate proceedings. In light of Plaintiffs' counsel's analysis of the estimated value of the claims, the gross settlement amount of $8 million is adequate and reasonable.

While Class Counsel believe that Plaintiff's claims are meritorious, they are experienced class action litigators, and understand that the outcome of Defendant's motion to decertify the class, trial, and any attendant appeals were inherently uncertain, as well as likely to consume many more months, even years. Having reviewed numerous documents, and having extensively investigated and researched the pivotal legal and factual issues, counsel for the parties, experienced class action litigators well versed in wage and hour law, arrived at a reasonable resolution through a protracted and arm's-length negotiation process, which continued into all details of the settlement agreement and the proposed class notice.

<u>The Risk, Expense, Complexity, And Likely Duration of Further Litigation</u>

The Court must weigh the benefits of the proposed settlement against the expense and delay involved in achieving an equivalent or more favorable result at trial. *See, e.g., Officers for Justice,* 688 F.2d at 625; *Young v. Katz,* 447 F.2d 431, 433-34 (5th Cir. 1971). The policy that favors settlement of class actions and other complex cases applies with particular force here. Employment cases, and specifically wage and hour cases, are expensive and time-consuming. That this is a class action further amplifies the economies of time, effort, and expense achieved by

10

1  the settlement. The settlement, on the other hand, provides to all class members substantial relief,

2  promptly and efficiently. The settlement in this case is therefore consistent with the "overriding

3  public interest in settling and quieting litigation" that is "particularly true in class action suits."

4  *Van Bronkhorst* v. *Safeco Corp.,* 529 F.2d 943, 950 (9th Cir. 1976) (footnote omitted); *see also* 4

5  NEWBERG ON CLASS ACTIONS § 11.41 (citing cases). On August 2, 2016, Defendant filed a

6  motion for summary judgment (Docket No. 360), which was heard on September 9, 2016 (Docket

7  No. 409). That motion presented a risk of loss, and the parties entered into the settlement before

8  that motion was decided.

9  <u>The Risk of Maintaining Class Action Status Throughout The Trial</u>

10  On July 5, 2016, Defendant filed a motion for decertification (Docket No. 336), which

11  was heard on September 9, 2016 (Docket No. 409). That motion presented a risk of

12  decertification, and the parties entered into the settlement before that motion was decided.

13  Plaintiffs have strongly argued, and would continue to strongly argue if the case were to proceed,

14  that class action status is warranted in this case. Nevertheless, the risk of decertification is a factor

15  that favors approval of the settlement. *See generally Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147,

16  160 (1982) (district court may decertify a class at any time).

17  <u>The Amount Offered in Settlement</u>

18  In an analogous class action, the court aptly observed that it would have been irrational for

19  most, and probably all, class members to pursue their claims on an individual basis "because of

20  the disparity between their litigation costs and what they hope to recover." *Local Joint Executive*

21  *Bd. v. Las Vegas Sands, Inc.,* 244 F.3d 1152, 1163 (9th Cir. 2001).

22  The recovery provided through the settlement is substantial, especially as its adequacy

23  must be judged as "a yielding of absolutes and an abandoning of highest hopes. . . . Naturally, the

24  agreement reached normally embodies a compromise; in exchange for the saving of cost and

25  elimination of risk, the parties each give up something they might have won had they proceeded

26  with litigation . . . ." *Officers for Justice,* 688 F.2d at 634 (citation omitted).  Accordingly, the

27  settlement is not to be judged against a speculative measure of what might have been achieved.

28  *Linney* v. *Cellular Alaska P'ship,* 151 F .3d 1234, 1242 (9th Cir. 1998). An additional

11

1  consideration is that the settlement provides for payment to the class now, rather than a payment

2  many years down the road, if ever. *See City of Detroit* v. *Grinnell Corp.,* 495 F.2d 448, 463 (2d

3  Cir. 1974).

4  Thus, considering the present value of the settlement sum, the probability of lengthy

5  litigation in the absence of a settlement, and the risks that the class might not have prevailed at

6  trial, it is no exaggeration to predict that without using the class action process, the relief that

7  members of the class were likely to achieve ranged from negligible to zero. Consequently, the

8  $8 million settlement satisfies the criterion of adequacy. *See* MANUAL FOR COMPLEX LITIGATION

9  § 21.62 ("Adequacy of the settlement involves a comparison of the relief granted relative to what

10  class members might have obtained without using the class action process.").

11  It bears noting that in an individual FLSA action against another public transit agency that

12  made several claims similar to the claims in this lawsuit, the plaintiff in that case, represented by

13  that agency's union, lost on summary judgment, recovering nothing. *See Sheehy v. Santa Clara*

14  *Valley Transp. Auth.*, 2015 U.S. Dist. LEXIS 18296, at *6 (N.D. Cal. Feb. 13, 2015).

15  A comparison of the amount obtained through settlement, $8 million, with Plaintiffs'

16  admittedly aggressive estimates of the value of the classwide claims, *see* Docket No. 350-1, at

17  ECF page 25, further demonstrates that the amount of the settlement is adequate. A "settlement

18  amounting to only a fraction of the potential recovery does not per se render the settlement

19  inadequate or unfair." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000)

20  (quoting *Officers for Justice,* 688 F.2d at 628) (internal quotation marks omitted). *See, e.g.,*

21  *Strube v. Am. Equity Investment Life Ins. Co.*, 226 F.R.D. 688, 698 (M.D. Fla. 2005) (approving

22  settlement equal to 2% of estimated potential recovery); *In re Toys R Us-Del., Inc.—Fair &*

23  *Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 453-54 (C.D. Cal. 2014)

24  (granting final approval of a settlement providing for consideration reflecting 3% of possible

25  recovery); *Reed v. 1-800 Contacts, Inc.*, 2014 U.S. Dist. LEXIS 255, 2014 WL 29011, at *6 (S.D.

26  Cal. Jan. 2, 2014) (granting final approval where settlement represented 1.7% of possible

27  recovery (net settlement fund of $8,288,719.16, resolving claims worth potentially

28  $499,420,000)); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F.

12

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES - *Stitt v. The San Francisco Municipal Transportation Agency*, Case No. 4:12-cv-03704-YGR

Supp. 2d 207, 229 (E.D.N.Y. 2013) (granting final approval to antitrust class action settlement representing approximately 2.5% of the highest damages estimate as "within the range of reasonableness in light of the best possible recovery and in light of all the attendant risks of litigation"); *City of Detroit,* 495 F.2d at 455 n.2 ("there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery").

In addition, the participation of Judge Spero in the settlement negotiation makes it more likely that the parties reached the limits of compromise. *See Literary Works in Elec. Databases Copyright Litig. v. Thomson Corp.*, 654 F.3d 242, 263 (2d Cir. N.Y. 2011) ("The participation of mediator Feinberg in this case, while by no means ensuring fully adequate representation, does make it more likely that the parties reached the limits of compromise.").

Moreover, as noted above, the settlement payments that will be mailed to class members will be higher than the amounts that were estimated in the notices that were mailed. *See supra* at 2-3; Schwartz Decl. ¶ 19.

Accordingly, this factor favors final approval.

The Extent of Discovery Completed and The Stage of the Proceedings

The discovery completed—both fact discovery and expert discovery—was extensive, and Plaintiffs prosecuted the case for several years, settling only shortly before trial. This favors final approval.

The Experience and Views of Counsel

Plaintiffs' counsel are experienced class action litigators, and they recommend the settlement. This factor favors final approval.

The Presence of a Governmental Participant

The fact that defendant is a governmental entity favors final approval. *See, e.g., San Francisco NAACP v. San Francisco Unified Sch. Dist.*, 59 F. Supp. 2d 1021, 1031-1032 (N.D. Cal. 1999); *Touhey*, 2011 U.S. Dist. LEXIS 81308, at *20-2.

The Reaction of the Class Members to The Proposed Settlement

As described above, the class members overwhelmingly support the settlement. *See supra*

13

1   at 7-9.  This favors final approval.

2             <u>The Proposed Settlement Is Not The Product of Collusion</u>

3             Judge Spero participated as the settlement conference judge, and the settlement was

4   negotiated at arm's length. This favors final approval. *See generally D'Amato v. Deutsche Bank*,

5   236 F.3d 78, 85 (2d Cir. 2001) ("This Court has noted that a court-appointed mediator's

6   involvement in pre-certification settlement negotiations helps to ensure that the proceedings were

7   free of collusion and undue pressure."); *Satchell v. Fed. Exp. Corp.*, 2007 U.S. Dist. LEXIS

8   99066 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement

9   process confirms that the settlement is non-collusive.").

10            For all the above reasons, and the for the reasons set forth in the filings that that Court

11  considered in granting preliminary approval of the settlement, Plaintiffs respectfully request that

12  the Court find that the Settlement Agreement is fair and reasonable, grant final approval, and

13  enter the proposed order filed herewith.

14  **VII.    PROPOSED EFFECTIVE DATE OF THE FINAL APPROVAL ORDER AND**

15  **JUDGMENT**

16            The Court's order granting preliminary approval, dated February 2, 2017, specified: "The

17  settlement is deemed filed as of the date of preliminary approval for purposes of providing notice

18  to the appropriate officials pursuant to 28 U.S.C. § 1715." Docket No. 440, ¶ 8. That statute, 28

19  U.S.C. § 1715(b) states "Not later than 10 days after a proposed settlement of a class action is

20  filed in court, each defendant that is participating in the proposed settlement shall serve upon the

21  appropriate State official of each State in which a class member resides and the appropriate

22  Federal official, a notice," and specifies the required content. In this case, however, Defendant

23  has stated that it provided the required notice late, on May 19, 2017. Plaintiffs' proposed solution,

24  as reflected in the proposed order filed herewith, at ¶ 26, is for the final approval order to direct

25  that the effective date of the final approval order and judgment be ninety (90) days after that date

26  when Defendant sent the notice, *i.e.*, on August 17, 2017. That solution would be consistent with

27  28 U.S.C. § 1715(d), which states: "An order giving final approval of a proposed settlement may

28  not be issued earlier than 90 days after the later of the dates on which the appropriate Federal

14

official and the appropriate State official are served with the notice required under subsection

(b)." It also would be consistent with the holdings of numerous courts that have held that late

mailing of notices to the designated officials under CAFA is not fatal to approval of settlements if

the ninety day time period provided by CAFA has elapsed. *See, e.g.*, *Adoma v. Univ. of

Phoenix, Inc.*, 913 F. Supp. 2d 964, 973-74 (E.D. Cal. 2012) (granting final approval where

defendants served CAFA notice ten days after court's preliminary approval of settlement rather

than ten days after filing of the proposed settlement because notice complied with 28 U.S.C.

§ 1715(d)'s requirement of a 90-day notice period); *In re Processed Egg Products Antitrust

Litigation*, 284 F.R.D. 249, 258 n.12 (E.D. Pa. 2012) ("Over ninety days have elapsed since

[defendant] served the appropriate state or federal officials with the CAFA notice, and there have

been no requests for hearings or objections to the settlement made. It follows that, although the

notice requirements under CAFA have not been fully met on a technical basis, the substance of

the requirements have been satisfied insofar as giving federal and state officials sufficient notice

and opportunity to be heard concerning the [] [s]ettlement."); *Kay Co. v. Equitable Prod. Co.*,

2010 WL 1734869 at *4 (S.D. W. Va. Apr. 28, 2010) ("Although [defendant] sent notice packets

to the appropriate State and Federal officials, it did not provide such notice promptly after the

Agreement was filed, as required by CAFA . . . .  Since more than 100 days have passed since

service was perfected and since there have been no adverse comments from any of the aforesaid

State or Federal officials, the Court FINDS that compliance with CAFA is satisfactory."); *Beaty

v. Continental Automotive Systems U.S., Inc.*, 2012 WL 1886134 (N.D. Ala. May 21, 2012)

(granting final approval of class action settlement even though defendant provided notice to the

relevant attorneys general eleven days after preliminary approval of the settlement, rather than ten

days after filing of the proposed settlement with the court).

## VIII.   CONCLUSION

Plaintiffs respectfully request that the Court enter the proposed order filed herewith.

//

//

//

1    DATED: June 23, 2017                    Respectfully submitted,

2                                            THE TIDRICK LAW FIRM

3                                            By:      /s/ Steven G. Tidrick

4                                            _____
                                             STEVEN G. TIDRICK, SBN 224760
                                             JOEL B. YOUNG, SBN 236662
5
                                             Attorneys for Individual and Representative
6                                            Plaintiffs DARRYL A. STITT, TONY
                                             GRANDBERRY, and HEDY GRIFFIN,
7                                            and for the CERTIFIED CLASS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES - *Stitt v. The San Francisco Municipal Transportation Agency*, Case No. 4:12-cv-03704-YGR